Lee SMITH, Appellant,

v.

UNITED STATES of America et al., Appellees.

MERCHANTS MUTUAL BONDING COMPANY, Appellant,

v.

UNITED STATES of America et al., Appellees.

R. L. MADISON, Appellant,

v.

UNITED STATES of America et al., Appellees.

Nos. 17645–17647.

United States Court of Appeals Eighth Circuit.

June 17, 1964.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, filed motion of the United States to dismiss the appeals.

Lee E. Smith, Correctionville, Iowa, filed objections to motions to dismiss.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

These appeals have been taken from the determinations and adjudications set out in United States v. Merchants Mutual Bonding Company, D.C.N.D.Iowa, 220 F. Supp. 163. The United States has moved to dismiss the appeals on the ground that the determinations and adjudications involved are not a final decision or judgment dispositive of the rights of the appellants.

The action was one brought by the United States on a claim of the Commodity Credit Corporation, 15 U.S.C.A. § 714 et seq., for grain storage losses, to recover damages against the surety upon the warehouseman's bond issued pursuant to Chapter 543, Code of Iowa, I.C.A. The warehouseman had gone into bankruptcy, and because there were other storage claimants and the losses exceeded the amount of the bond, the surety interpleaded all the claimants and also impleaded the indemnitor of its liability from executing the bond. In view of the holding in an earlier case in the same court, United States v. West View Grain Company, D.C.Iowa, 189 F.Supp. 483, that Government grain storage was not within the coverage of the warehouseman's bond prescribed by the Iowa statutes, the Court set the matter for initial hearing and determination on the questions of (a) whether liability should be held to exist in favor of the United States upon the bond in the present situation on the basis of factors not involved in the West View Grain Co. determination or as a matter of reconsideration and departure from the construction of the Iowa statutes there made, and (b) whether in the event liability should be so held to exist in favor of the United States, the indemnitor's obligation would under the circumstances encompass that liability.

The Court determined and adjudged that the claim of the United States should be held to be and was within the coverage of the bond, and that the indemnitor's obligation was on the circumstances of the situation applicable to that liability of the surety. 220 F.Supp. at 188.

No order or judgment of pecuniary recovery was entered in favor of the United States against the surety or in favor of the surety against the indemnitor. The action of the Court expressly left open, for determination "by subsequent proceedings", the question of "amounts", "priority of claims", and "issues raised by the pleadings not herein disposed of". Ibid. In this situation there clearly exists no terminative disposition of the rights of or among the various claimants on the bond such as to constitute an appealable order or "final decision" under 28 U.S.C.A. § 1291. Nor was there any provision in the Court's order or decree which could be used as a basis for seeking permission to appeal under 28 U.S. C.A. § 1292(b).

The appeals must therefore be dismissed for want of jurisdiction. The

appellants here consist of (a) one of the grain storage claimants, (b) the surety, and (c) the indemnitor of the surety as referred to above. Each of them will be entitled to assert on an appeal taken from the final result and disposition engaged in by the District Court, when that stage has been reached, any erroneous action on the part of the court affective of his rights.

The appeals are accordingly hereby severally dismissed.