**WESTERN STEEL ERECTION COMPANY, Appellant,**

**v.**

**C. H. LEAVELL & COMPANY, Appellee.**

**No. 18996.**

United States Court of Appeals
Eighth Circuit.

Nov. 3, 1967.

Bridges, Young, Matthews & Davis, Pine Bluff, Ark., for appellee.

Rose, Meek, House, Barron, Nash & Williamson, Little Rock, Ark., for appellant.

Before MATTHES and LAY, Circuit Judges.

PER CURIAM.

This matter comes to us on a motion to dismiss an appeal from the order below. The appellee, C. H. Leavell & Company (hereinafter Leavell), moves to dismiss the appeal by Western Steel Erection Company (hereinafter Western) on the

14. Burns v. United States, 10 Cir., 286 F.2d 152, 157.

ground that the District Court's order is not a final, appealable decision within the meaning of 28 U.S.C. §§ 1291 or 1292.

The litigation in the lower court is an action brought by Priscilla Gail Gray, Administratrix of the Estate of Jones Robert Gray, deceased, to recover damages for the death of said deceased allegedly caused by the negligence of Leavell and of the United States of America. The decedent was killed while working for Western. Western was performing construction work for Leavell pursuant to a subcontract. The United States has cross-claimed against Leavell and Western, claiming among other things that both are contractually obligated to defend the United States. Leavell has cross-claimed against Western claiming that the latter must likewise indemnify Leavell. The agreement between Leavell and Western contained the following general indemnity clause:

" * * * Subcontractor agrees to protect, indemnify and hold harmless Contractor and/or Owner *(and to defend at Subcontractor's expense all claims therefor)* from (a) all liability, costs and expenses arising out of injury to (including death of) any and all persons and/or damage to property, growing out of or incidental, directly or indirectly, to the performance of this Subcontract regardless of how such injury, death or damage be caused, and from (b) all damage, judgments and expenses caused by any act or omission (whether or not negligent) of Subcontractor or anyone who performs work or services in the prosecution of the Subcontract. Subcontractor expressly assumes with respect to the work to be done hereunder all the liability imposed on the Contractor by the provisions of the General Contract. If there are any such injuries to person or property unsettled upon completion of this Subcontract, final settlement between the Contractor and Subcontractor may be deferred at the option of Contractor until such claims are adjusted or suitable indemnity acceptable to the Contractor is furnished by the Subcontractor." (Emphasis ours.)

Pursuant to the above indemnity clause, Leavell filed a motion for summary judgment asking that Western be declared responsible to defend Leavell in the negligence action; that Western pay Leavell all costs incurred during its own defense of the lawsuit; and that Western be declared liable to indemnify Leavell for any judgment rendered in such lawsuit. On June 27, 1967, the District Court entered an order which found that Western was obligated to fully defend Leavell in this lawsuit, and required Western to reimburse Leavell for its own costs expended in their defense to date. The order also provided that the "decision on that portion of Leavell's motion for summary judgment pursuant to the indemnity provisions of said contract is expressly reserved for further orders or judgment of this court." Upon Western's appeal from this order, Leavell moved to dismiss the appeal on the ground that the order was not final as required by 28 U.S.C. § 1291; that it was not an appealable interlocutory order within the purview of 28 U.S.C. § 1292(a); and that Western has not satisfied the prerequisites for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Western, in response to the motion to dismiss, argues that the June 27, 1967, order is reviewable under 28 U.S.C. § 1291, because of the "collateral order doctrine," approved in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546–547, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In that case, the District Court had denied defendants' motion to require the plaintiff to give security for costs and expenses, including attorney's fees, pursuant to a New Jersey statute. The Supreme Court held the order appealable under the following rationale:

"Nor does the statute [28 U.S.C. § 1291] permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages

of the proceeding that effectively may be reviewed and corrected if and when final judgment results. *But this order of the District Court did not make any step toward final disposition of the merits of the case and will not be merged in final judgment.* When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case.

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. * * *

"We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. But we do not mean that every order fixing security is subject to appeal." (Emphasis ours.)

Western argues that the order to defend Leavell could conceivably cause it "irreparable loss of rights" in that, should the District Court eventually construe the indemnity clause in the way Western interprets it, it would be in Western's interest to argue that Leavell's negligence

was the sole cause of the accident. Thus it is argued, an irreparable conflict of interest during the trial could result. We note that the order settles the supposed conflict in favor of Leavell on the basis of the contractual language. However, even if there were under the facts involved here a showing of "irreparable harm" to Western, which we doubt,[1] this court would not have jurisdiction to hear the appeal under the "collateral order" doctrine since the issue presented is not wholly collateral and separate from remaining claims in the lawsuit. Leavell's rights to reimbursement for expenses of defense and to be defended by Western arise from construction of the *same indemnity clause* upon which rests the eventual determination of Leavell's right to total indemnification for liability, should the plaintiff win. Decision of the appeal in this case at this time would, therefore, require construction of a provision which is the essential ingredient of Leavell's remaining claim against Western. Compare Chabot v. National Securities and Research Corporation, 290 F.2d 657, 658 (2 Cir. 1961); see also 6 Moore's Federal Practice ¶ 54.14 at pp. 135–141 (1965) and Wright, Federal Courts 398–399 (1963). Consequently, the order is not appealable under 28 U.S.C. § 1291. There is no contention nor basis for contention that the order otherwise qualifies for review, such as under Federal Rule of Civil Procedure 54(b) or 28 U.S. C. § 1292. See Smith v. United States, 332 F.2d 731 (8 Cir. 1964). The appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.

---

1. The mere fact that Western must provide the expense of Leavell's defense, cannot provide a conflict of interest between Leavell and Western, regardless of the ultimate relationship between the two parties. Certainly, Western does not mean

to imply that good faith efforts would not be expended by counsel retained for Leavell because of Western's interest to wholly exculpate itself from indemnity or possible contribution on a cross-claim.