James B. JONES, Plaintiff,

v.

Charles MORRISON, Otis Cupit, United States of America, Federal Insurance Company, and Southern Farm Bureau Casualty Insurance Company, Defendants,

Liberty Mutual Insurance Company, Intervenor,

Federal Insurance Company, Intervening Plaintiff.

Civ. A. No. 1051.

United States District Court
W. D. Arkansas,
Hot Springs Division.

June 10, 1968.

Tom Gentry, Little Rock, Ark., for plaintiff.

Fenton Stanley, Malvern, Ark., for Morrison & Cupit.

Shaver, Tackett & Jones, Texarkana, Ark., for Southern Farm Bureau Cas. Ins. Co.

Wootton, Land & Matthews, Hot Springs, Ark., for Liberty Mutual Ins. Co.

Wright, Lindsey & Jennings, Little Rock, Ark., for Federal Ins. Co.

## MEMORANDUM AND JUDGMENT

JOHN E. MILLER, Senior District Judge.

On April 11, 1968, the court filed an opinion herein and entered a judgment in favor of the plaintiff and against all defendants except the United States, the complaint against which was dismissed. This memorandum and judgment is being filed as an amendment and supplement to the earlier opinion and judgment.

As set forth in the first opinion, the plaintiff was injured as a result of the negligence of an uninsured motorist who was employed by and at the time acting on behalf of another uninsured.

At the time of the accident the plaintiff was driving a vehicle owned by his employer, which was insured by virtue of a policy issued by the Federal Insurance Company. Also, at the time of the accident the plaintiff was the owner of three vehicles, each of which was insured by separate policies issued by Southern Farm Bureau Casualty Insurance Company. All of the policies in question contain "uninsured motorist" protection. The attorneys for Federal Insurance Company and Southern Farm admitted at the trial that Morrison, the driver of the truck with which plaintiff collided, and also Cupit, the owner of the truck, were uninsured motorists.

At the conclusion of the testimony the case was taken under consideration and the parties were requested to submit memoranda in support of their respective contentions, and after a consideration of all the evidence and briefs of the parties, the court found that Morrison was guilty of negligence which was a proximate cause of the collision of the automobile being driven by plaintiff Jones, but also found that Jones was guilty of negligence in a lesser degree in the driving of the automobile which was likewise a proximate cause of the collision. The court found that the plaintiff, Jones, was dam-

aged in the amount of $25,000, which included medical expenses, etc.

Since the plaintiff was guilty of negligence, although of a lesser degree than the negligence of Morrison, the court was required under the provisions of Ark.Stat.Ann. § 27–1730.1, to compare the negligence of the plaintiff and the defendant Morrison, and the court fixed Morrison's negligence at 60 percent and Jones' negligence at 40 percent, and thus the $25,000 damage suffered by Jones was required to be reduced by 40 percent, or to $15,000. The court also found that the automobile which plaintiff was driving and which was insured by Federal Insurance Company was damaged to the extent of $2,250, but the salvage amounted to $609.50, leaving $1,640.50 damage to the automobile, but because Federal's right of recovery was derivative from plaintiff, this amount was reduced by 40 percent, leaving the sum of $984.30 due Federal Insurance.

Liberty Mutual Insurance Company was the compensation carrier of plaintiff Jones, and as a result of said insurance was required to pay $1,297.66 medical expense and disability benefits. Liberty Mutual was entitled to recoup its expense pursuant to Ark.Stat.Ann. § 81–1340.

At the time of the filing of the opinion on April 11, 1968, the court did not undertake to apportion the liability between the companies, but stated in the opinion:

"* * * the court will leave this to be worked out between them. In the event they are unable to agree, upon motion of the plaintiff, the court will determine the amount each company should contribute."

The insurance companies were unable to agree, but prior to any motion by the plaintiff, both insurance companies filed notices of appeal—Southern Farm on May 10, 1968, and Federal three days later. On May 17, 1968, the court wrote counsel for the two companies, with copy to counsel for the plaintiff, advising that it was doubtful that the court could apportion the liability after the notices of appeal were filed. The letter also contained citations [28 U.S.C.A. §§ 1291, 1292; Smith v. United States (8 Cir. 1964), 332 F.2d 731; Smith v. Sherman (8 Cir. 1965), 349 F.2d 547; Benada Aluminum Products Co. v. Home Insurance Co. (5 Cir. 1966), 368 F.2d 1001] which strongly indicate that the judgment entered herein is not appealable at this time because of the failure of the court to settle the apportionment question.

On May 20, 1968, the plaintiff filed his motion for apportionment. Likewise, on May 24, 1968, Federal Insurance filed its motion for apportionment, and on May 31, Southern Farm filed its reply to the motion for apportionment filed by Federal Insurance.

At the time of the accident the plaintiff, James B. Jones, was employed by Local 382 of the International Union of Operating Engineers and was driving a vehicle owned by that organization. Federal Insurance had issued a liability and collision policy which was in force covering the vehicle being driven by Jones. The policy also provided uninsured motorist protection in the amount of $10,000 for any one "insured", which term concededly applied to Jones.

Also at the time of the accident there were in force three other liability policies issued by Southern Farm covering three vehicles owned by Jones. Each of these policies contained uninsured motorist protection *identical* to that provided by Federal Insurance. It is not disputed that Jones is, and was, at the time of the accident an "insured" within the meaning of these three policies.

In its "Motion for Apportionment" Federal Insurance contends that since there were in force four policies, all providing the same coverage, that it is liable only for one-fourth of the total applicable limits of liability of the two companies.

Southern Farm in its reply contends that Federal Insurance is the "primary insurer," and that as such its coverage,

$10,000, should be exhausted before Southern Farm, whose coverage is "excess," should be required to contribute. The court agrees with the contention of Southern Farm.

As previously stated, the uninsured motorist coverage in each of the four policies is set forth in identical terms. With respect to "other insurance" the policies state:

"5. Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

"With respect to bodily injury to an insured while occupying or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this endorsement, the company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

■ Jones was operating a vehicle "not owned" by a named insured under the Southern Farm policies. The vehicle belonged to Local 382. Therefore, the first paragraph of the "other insurance" clause applies to the Southern Farm policies and its insurance is "excess."

■ Because the first paragraph is limited to the operation of a vehicle not owned by a named insured, it does not apply to Federal Insurance, whose liability must be ascertained from the remaining paragraphs in the clause.

Relying on the second paragraph, Federal Insurance contends that the liability should be prorated and that it is liable for one-fourth of Jones' damage because its coverage ($10,000) represents one fourth of the total insurance available ($40,-000).

■ The extent to which insurance companies complicate and confuse the wording of their policies in an attempt to limit their liability wherever possible is amazing. This is the situation which has developed in the field of uninsured motorist coverage which is relatively new to the insurance industry. However, there is no reason why accepted principles relative to "other insurance" should not apply to "uninsured motorist" coverage as well as to liability coverage.

In the opinion of the court the solution to this problem is correctly stated in Appleman, Insurance Law and Practice, Vol. 8, § 4914, pp. 400–402, where the learned author states:

"It has been held that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability. In such case, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary poli-

cy have been exceeded. It should be noted that under this rule, the courts give no application to the other insurance clause in the primary policy, which provides that if the additional insured has other valid and collectible insurance, he shall not be covered by the primary policy. That is because the insurance under the excess coverage policy is not regarded as other collectible insurance, as it is not available to the insured until the primary policy has been exhausted. Or, to put it another way, a non-ownership clause, with an excess coverage provision, does not constitute other valid and collectible insurance within the meaning of a primary policy with an omnibus clause."

■ This statement indicates, and the court agrees, that, as a general rule, the insurance on the vehicle involved is the "primary insurance" insofar as there is "other insurance." Even though the clauses in the policies may be in conflict, there is no reason why this general rule should not apply here.

As stated earlier, Federal's other insurance clause is worded the same as Southern Farm's, and the court is convinced that Federal Insurance would claim to be the "excess" carrier if its insured had been driving a "non-owned" vehicle which was covered by other insurance.

■ Therefore, it is the opinion of the court that Federal's uninsured motorist protection should be exhausted, and Southern Farm should contribute to the extent necessary to satisfy the remainder of the judgment against the uninsured defendants.

On February 1, 1967, Federal Insurance filed its intervention in this case seeking to recover $1,640.50, the amount which it paid for damage to the vehicle being driven by Jones. The intervention prayed for "judgment against the defendants in the sum of $1,640.50 and that said sum be declared to be a first lien upon any proceeds which may be adjudged to be due * * * to the plaintiff * * *." In the judgment of April 11, 1968, it was held that Federal Insurance should recover "from all defendants * * * jointly and severally, the amount of $984.30," which was the amount paid reduced by the percentage of the plaintiff's negligence. The effect of this holding was to render the defendants Charles Morrison and Otis Cupit liable to Federal Insurance for that amount and to render Southern Farm, to the extent of its proportionate share, also liable for this amount.

In his "Motion for Apportionment" the plaintiff respectfully invited the court's attention "to that provision of the policy concerning the uninsured motorist coverage that the insurance coverage for uninsured motorists was for bodily injury only, and that the property damage to the automobile driven by the plaintiff would not appropriately be deductible from the amount recovered by the plaintiff against the two insurance companies, although it would be recoverable against the individual defendants."

The judgment did not hold that this amount should be deductible from the amount which the plaintiff would recover from the defendant insurance companies. It stated that Federal Insurance should recover "from all defendants" the amount of $984.30. However, the court is of the opinion that the judgment was in error to the extent that it may have rendered Southern Farm liable for the damage to the vehicle.

■ The uninsured motorist protection afforded by the Southern Farm policies is for "bodily injury," with no provision made therein for property damage. As the insurer of the vehicle, Federal Insurance is subrogated to the rights of its insured for damage to that vehicle. Southern Farm provided, in this endorsement, protection for bodily injury only, and this is all that is required by law. See Ark.Stat.Ann. § 66–4003. Therefore, Federal Insurance must look to the

other defendants, Morrison and Cupit, for recovery of the amount paid for damage to the vehicle. To the extent that this is in conflict with the judgment of April 11, 1968, the latter is herewith amended sua sponte pursuant to Rule 60(b), Fed.R.Civ.P.

■ Another contention which has been advanced subsequent to the earlier opinion and judgment is the statement by Federal Insurance in its "Motion for Apportionment" to the effect that recovery from the insurance companies by the plaintiff should be reduced by $1,297.66, the amount paid the plaintiff pursuant to the Workmen's Compensation Act by the Liberty Mutual Insurance Company. Southern Farm agrees; the court, however, does not.

The policies of both Federal Insurance and Southern Farm provide that the uninsured motorist protection shall not "inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier * * *." The court is of the opinion that to give any effect to this provision would be to contravene the laws of the State of Arkansas.

Ark.Stat.Ann. § 81–1340, provides as follows:

"Third party liability.—(a) Liability unaffected.

(1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them, join in such action they shall be entitled to a first lien upon two-thirds [⅔] of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury, to which this act [§§ 81–1301—81–1349] is applicable, or the adjustment of any such claim shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third [⅓] of the remainder shall, in every case, belong to the injured employee or his dependents, as the case may be; the remainder, or so much thereof as is necessary to discharge the actual amount of the liability of the employer and the carrier; and any excess shall belong to the injured employee or his dependents."

The judgment for the plaintiff is against the third party tortfeasors and, because they are uninsured, against the two insurance companies. The insurance companies are not tortfeasors. However, for the purposes of § 81–1340, the recovery against them is a recovery "against any third party for such injury." Therefore, Liberty Mutual has a right pursuant to this statute which right may not be abridged by any provisions in an insurance policy.

It is the contention of Federal Insurance and Southern Farm that Jones' recovery against them should be reduced by $1,297.66, the amount to which Liberty Mutual would be entitled out of the judgment. What they apparently overlook is the fact that Liberty Mutual is entitled to this regardless of the amount of the judgment so long as that judgment is at least three times the amount of the workmen's compensation benefits paid. If the judgment were so reduced, Liberty Mutual could still obtain reimbursement, thus reducing the amount recoverable by the plaintiff.

The court is aware of the authorities which Federal Insurance cites in its brief. In Couch on Insurance, 2d, §

45–650 at p. 585 of Vol. 12, the learned author states:

"The right of subrogation 'against any other party' given an employer against whom a claim has been made under the workmen's compensation law does not include the right which an injured employee has against the insurer under an uninsured motorist provision of a liability policy required by statute, and in view of the public policy and welfare aspects of the workmen's compensation law the employer's right of subrogation under such law against the negligent third party is superior to that of the insurer under the uninsured motorist law.

"Where an uninsured motorist indorsement specifically provided that the amount paid thereunder was to be in addition to any compensation benefits and that the insurance should not inure to the benefit of any workmen's compensation carrier, it has been held that the compensation carrier had no claim against the insurance proceeds under a statute giving it a lien against recovery from third persons negligently injuring an employee."

In support of this statement the author cites Horne v. Superior Life Ins. Co. (1962), 203 Va. 282, 123 S.E.2d 401, and Commissioners of State Ins. Fund v. Miller, 4 App.Div.2d 481, 166 N.Y.S.2d 777. Although the court has not had the benefit of the complete opinion in Miller, these decisions do support the statement in Couch.

■ In Horne it was held that recovery by the injured party against the uninsured motorist carrier was not a recovery against "any other party." In other words, this recovery is not equivalent to a recovery against a third party tortfeasor. This part of the opinion is in conflict with the applicable provisions of the Workmen's Compensation Act. Any recovery by the injured party, regardless of whom from, is in the nature of compensation for the injuries. The "workmen's compensation" is designed to protect employees against work-connected accidents resulting from any cause, including employers' negligence, the employee's own negligence, and acts of God. Also protected against is negligence of third parties. However, in this event the compensation carrier is given the right to recover its expenses from the third party. When the injury is the result of acts of the employer, the employee or God, there is no one to whom the compensation carrier may look for reimbursement. This is the risk which forms the basis for the compensation insurance premiums. This is not the case when the negligence of third parties enters the picture. Were it otherwise, the injured employee would be entitled to collect his workmen's compensation benefits and then seek recovery against a third-party tortfeasor, with the possibility of something in the nature of a "double recovery." To provide such is not the purpose of the Workmen's Compensation Act. When an injured party recovers *on account of his injuries,* regardless of from which third party, he has been compensated and, having already paid, the compensation carrier is entitled to reimbursement to the extent provided in the Act. Ark.Stat.Ann. § 81–1340 (supra).

It is the opinion of the court that the provisions in the policy above referred to are in conflict with the provisions of the Workmen's Compensation Act and are void.

Therefore, it is ordered and adjudged that the opinion filed on April 11, 1968, and the judgment entered therewith on the same date are amended to conform to the judgment entered today.

It is further ordered and adjudged that the plaintiff, James B. Jones, have and recover of and from the defendants, Charles Morrison, Otis Cupit, Federal Insurance Company, and Southern Farm Bureau Casualty Insurance Company, jointly and severally, the amount of $15,-000.00, provided that as between the Federal Insurance Company and Southern Farm Bureau Casualty Insurance Company the liability shall be apportioned as follows: Federal Insurance Company,

$10,000.00; Southern Farm Bureau Casualty Insurance Company, $5,000.00.

It is further ordered and adjudged that Federal Insurance Company shall recover from the defendants Charles Morrison and Otis Cupit the sum of $984.30.

It is further ordered and adjudged that Liberty Mutual Insurance Company shall have of the amount recovered by the plaintiff the sum of $1,297.66.

It is further ordered and adjudged that the costs shall be shared equally by all defendants.

It is further directed that Federal Insurance Company and Southern Farm Bureau Casualty Insurance Company pay $15,000.00 as above apportioned into the registry of the court, whereupon the Clerk shall distribute the same as hereinbefore set forth.