Margaret **BOEHLER**, Administratrix of the Estate of Kenneth F. Boehler, Deceased, Plaintiff,

v.

**INSURANCE COMPANY OF NORTH AMERICA**, Defendant.

Liberty Mutual Insurance Company, Intervenor.

No. LR–68–C–100.

United States District Court E. D. Arkansas, W. D.

Oct. 21, 1968.

Donald S. Ryan, of Martin, Dodds, Kidd, Hendricks & Ryan, Little Rock, Ark., for plaintiff.

Boyce R. Love, of Smith, Williams, Friday & Bowen, Little Rock, Ark., for defendant.

Robert D. Ross, of Pope, Pratt, Shamburger, Buffalo & Ross, Little Rock, Ark., for intervenor.

## MEMORANDUM OPINION

HENLEY, Chief Judge.

This is a suit brought by the administratrix of the Estate of Kenneth F. Boehler, Deceased, against Insurance Company of North America, the automobile insurance carrier of the decedent.

Liberty Mutual Insurance Company, the workmen's compensation carrier of decedent's employer, has filed an intervention in the case. Federal diversity jurisdiction is established.

Decedent died of injuries resulting from the negligence of an uninsured motorist, the accident occurring while decedent was engaged in the course of his employment by Colonial Baking Company. Workmen's compensation benefits have been and are being paid to the estate and widow of Boehler by the intervenor. At the time of his death the deceased was covered by a policy of automobile insurance issued by Insurance Company of North America; that policy, covering two automobiles contained an uninsured motorist endorsement with an effective limit of $20,000 with respect to injuries to or the death of the deceased as a result of negligence on the part of an uninsured motorist. That endorsement also contained a provision which in effect entitled the insurer to credit for any payments made under the "medical payments" coverage of the policy.

After the death of the deceased a dispute arose between the administratrix and the automobile insurance carrier, and this suit was filed for the purpose of compelling the defendant to pay $20,000, plus a 12 percent statutory penalty, and an attorney's fee. Defendant has confessed judgment for $19,000, but insists that it is not liable for the additional $1,000 since it paid that amount under the medical payments coverage. Defendant denies that it is liable for penalty and fee.

The intervenor seeks by its intervention to enforce the subrogation rights conferred upon it by the Arkansas Workmen's Compensation Act, Ark.Stats.Ann. § 81–1340. Plaintiff denies that intervenor is entitled to enforce that right out of the proceeds of the decedent's uninsured motorist coverage and contends, alternatively, that in no event is the intervenor entitled to subrogation with respect to benefits paid and being paid to the widow. A further alternative contention of plaintiff is that a reasonable fee for her attorney should be deducted from any award in her favor before allowing the intervenor to be subrogated.

Subject to a narrow exception to be indicated, controlling facts are not in dispute and have been stated already. The issues may be summarized as follows:

1. As between plaintiff and defendant.

(a) Whether defendant is entitled to credit for the $1,000 paid under the medical payments coverage.

(b) Whether plaintiff is entitled to an award of statutory penalty and attorney's fee.

2. As between plaintiff and intervenor.

(a) Whether and to what extent the intervenor is entitled to a subrogation lien on plaintiff's uninsured motorist award.

(b) Whether a reasonable attorney's fee for plaintiff's attorney should be deducted from plaintiff's award before impressing intervenor's lien, if any, on the balance.

(c) The amount of such deduction, if any; this issue is actually the only factual issue in the case which might require evidence to resolve.

Those issues are before the Court on motions for summary judgment filed by the intervenor and by the defendant; plaintiff resists both motions.

## I.

■ The uninsured motorist endorsement provided, among other things, that: "The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II." Part II of the policy is the medical payment coverage.

In two very recent cases the Supreme Court of Arkansas for the first time has

passed upon the validity of certain provisions appearing in standard uninsured motorist endorsements. M.F.A. Mutual Insurance Co. v. Bradshaw, 245 Ark. 83, 431 S.W.2d 252; M.F.A. Mutual Insurance Co. v. Wallace, 245 Ark. 227, 431 S.W.2d 742.

In the Bradshaw case three policy provisions were involved. One was a stipulation that a judgment obtained by the insured against an uninsured motorist in an action commenced without the consent of the insurer should not be binding on the insurer. Another provided for forfeiture of uninsured motorist protection if the insured prosecuted a suit against an uninsured motorist to judgment without the consent of the insurer. A third required the parties to submit the question of the amount to be paid to the insured to arbitration.

The Court held that in general the provisions of an uninsured motorist endorsement are matters of contract between the parties, but that provisions which are prohibited by statute or which are contrary to public policy are void. And the Court struck down the policy provisions requiring arbitration and providing for the forfeiture of coverage if the insured without the consent of the insurer obtained a judgment against an uninsured motorist. The stipulation that the insurer should not be bound by a judgment against the uninsured motorist in an action brought by the insured without the consent of the insurer was upheld as reasonable and proper.

In *Wallace* the Court upheld the validity of a policy provision against the "stacking" of uninsured motorist coverage by an insured covered by more than one policy. In so holding the Supreme Court reached a result directly opposite to that reached by Judge Miller in Robey v. Safeco Insurance Co., W.D.Ark., 270 F.Supp. 473, aff'd 8 Cir., 399 F.2d 330, and by this Court in Childers v. Southern Farm Bureau Casualty Insurance Co., E.D.Ark., 282 F.Supp. 866, the judgment in which case was later vacated following the Wallace decision.

The Supreme Court of Arkansas has not yet passed upon the validity of a provision in an uninsured motorist endorsement permitting the insurer to take credit for payments made under the medical payments coverage of the overall policy. Nor has it passed upon yet another provision which the Court will have occasion to mention.

In its opinion in the Robey case, supra, the Court of Appeals referred to the duty of federal district courts to make predictions of State law as an "occupational hazard" of those courts. The decision of the Arkansas Court in the Wallace case emphasizes the hazard, particularly in the comparatively new field of uninsured motorist protection.

The validity of the provisions now under consideration was involved in the Robey case along with the question of the validity of the prohibition against the "stacking" of coverage. Judge Miller upheld the former provision, and the Wallace case does not impair that portion of the Robey decision.

In this Court's estimation the provision in question is a reasonable one and does not offend either the statute or public policy. Further, the Court is inclined to follow Judge Miller's Robey decision to the extent that it has not been upset by the Wallace case. Cf. Childers v. Southern Farm Bureau Casualty Ins. Co., supra, 282 F.Supp. at 869.

■ It follows that plaintiff is entitled to judgment against the defendant in the sum of $19,000 only, plus the costs of the action. Since she is not recovering the full amount for which she sued, she is not entitled to any penalty or attorney's fee.

## II.

The controversy between plaintiff and intervenor presents a number of questions, namely: (1) Whether intervenor is entitled to a lien on any part of plaintiff's uninsured motorist recovery. (2) Assuming that intervenor is entitled to a lien on any part of that recovery, is its lien limited to the amount paid by it di-

rectly to the estate of the deceased? (3) Has intervenor lost its right of subrogation by failure to comply with the Arkansas statute of non-claim, Ark. Stats.Ann. § 62–2601? (4) Are plaintiff's attorneys, as part of the cost of collection, entitled to deduct an attorney's fee from the gross award so that intervenor's lien, if any, will attach only to the balance remaining after the deduction.

■ Section 40(a) of the Arkansas Workmen's Compensation Act, Ark. Stats.Ann. § 81–1340(a), preserves the right of an injured employee to recover in tort from a third party causing the injury. However, that subsection provides that the workmen's compensation carrier paying benefits under the Act shall have by way of subrogation a first lien upon two-thirds of the net proceeds recovered by the employee after deducting reasonable collection costs. That subsection also authorizes the carrier to join in an action brought by the employee.

Section 40(b) of the Act is similar to section 40(a), except that it envisions a situation in which the injured employee has failed to sue the tort feasor.

In St. Paul Fire & Marine Insurance Co. v. Wood, 242 Ark. 879, 416 S.W.2d 322, it was held that the subrogation rights created by sections 40(a) and 40(b) of the Act do not apply where the employee's tort claim is settled without litigation or prior to judgment.

The position of plaintiff is that sections 40(a) and 40(b) are limited to cases of tort recovery, that an action by an injured person or his representative against his uninsured motorist insurance carrier sounds in contract and not in tort, and that the workmen's compensation carrier of the injured person is not a party to the contract and is not entitled to any part of the recovery on the contract.

A similar contention was made in Jones v. Morrison, W.D.Ark., 284 F. Supp. 1016, and was rejected by Judge Miller. This Court is advised that an appeal from the judgment in that case was dismissed. Again, the Court finds itself in agreement with Judge Miller. While section 40(a) of the Workmen's Compensation Act preserves the common law tort action of the injured employee, it is to be observed that the statute does not in terms limit the subrogation right of the workmen's compensation carrier to recoveries in tort against third party tort feasors. Specifically, the statute permits the injured employee to seek compensation by an action "against any third party," and the workmen's compensation carrier has a first lien upon two-thirds of the net proceeds recovered "in such action." An injured employee's automobile insurance carrier is a "third party," and a suit against that carrier is a third party action within the meaning of section 40(a) of the Workmen's Compensation Act.

■ The policy before the Court provides in part that none of the proceeds of the uninsured motorist coverage shall inure to the benefit of any workmen's compensation insurance carrier, and plaintiff invokes that provision. A similar provision was held void in Jones v. Morrison, supra, and this Court now holds the provision void in this case.

■ It might be pointed out that an automobile insurance carrier has a legitimate financial interest in protecting itself against coverage "stacking" and duplication of compensation for the same damages. It has no legitimate interest in keeping the proceeds of uninsured motorist insurance out of the hands of a workmen's compensation carrier. It seems clear that the Workmen's Compensation Act expresses a public policy favorable to subrogation, and the provision here in question tends to militate against that policy.

In view of what has been said, it follows that the intervention of Liberty Mutual will be sustained in this case as it was in Jones v. Morrison.

■ Nor does the Court agree with plaintiff that intervenor's right of sub-

rogation is limited to two-thirds of the amount paid for the benefit of the estate of the decedent. It is clear that the subrogation rights of the workmen's compensation carrier extend to payments made by it for the benefit of dependents of the deceased employee, and no one questions the fact that Mrs. Boehler was a dependent of her husband.

■ Equally without merit is the claim of plaintiff that intervenor was required to file a claim against the estate of the deceased in order to protect its subrogation rights. The answer to that contention is that the Arkansas Statute of Non-Claim does not apply to secured claims such as mortgages, pledges, or liens. As has been seen, the Workmen's Compensation Act creates a lien in favor of the carrier; hence, it was not necessary for intervenor to comply with section 62–2601 in order to assert its claim in this action.

■■ Finally, the Court agrees with plaintiff that a reasonable fee for her attorney should be considered as a collection cost and deducted from the award prior to the attaching of intervenor's lien. On the present record the Court is not in a position to determine what fee should be allowed since it does not know in detail what it was necessary for counsel for plaintiff to do in furtherance of his client's interests. The Court does know that counsel filed this suit, and that defendant confessed judgment to the extent indicated. Counsel for plaintiff of course is not entitled to compensation at the expense of Liberty Mutual for his unsuccessful effort to defeat the subrogation claim of that company. It occurs to the Court that counsel for plaintiff and counsel for Liberty Mutual may be able to agree as to how much of a fee should be considered a reasonable collection cost. If they are not able to agree within the next two weeks, the Court should be advised so that the matter may be given further consideration.

An appropriate judgment will be entered.