DORATHEA HELENE FLINT, Plaintiff-Appellant *v.* JOHN
SHERIDAN MacKENZIE, JAMES HEALANI
MacKENZIE, and HAWAIIAN RESORTS, LIMITED,
Defendants-Appellees

No. 5085

September 20, 1972

RICHARDSON, C.J., ABE, LEVINSON,
KOBAYASHI, JJ., and WONG, Circuit
Judge, for MARUMOTO, J., disqualified

*Per Curiam:* Appellees, heretofore Lessees, have filed
a petition for rehearing in the above entitled matter. They
contend, *inter alia,* that Appellant, heretofore Lessor, never
moved for summary judgment in her behalf. Section 12-105,
HRS, provides that in an appeal from the circuit courts,
the supreme court, "upon determination of any appeal, may
enter any judgment the circuit court would be authorized
to enter."

The question then becomes whether or not the circuit
court may enter summary judgment in favor of a nonmoving
party. On this point there is a divergence of judicial opinion;
however, the great weight of authority answers in the affir-
mative. 6 Moore, Federal Practice 56.12 at 2242 (2d ed.
1971). Although it may be the better practice to file a cross-
motion, we are of the opinion that the proper procedure
is for the circuit court to render such relief as may be appro-
priate for the prevailing party, as required under Rule 54(c),
HRCP. Relief should be granted notwithstanding the fact
that the party has not filed a demand for such relief.

The purpose of summary judgment under Rule 56 is to
expedite matters where "there is no genuine issue as to
any material fact." This purpose should not be thwarted
because one party has not fulfilled the mechanical proce-

dures normally required. Upon a finding of no genuine issue as to any material fact, the court should enter judgment for that party so entitled as a matter of law. *Employers' Liability Assur. Corp. v. Hartford A & I Co.*, 158 S.E.2d 212 (W. Va. 1967); *Morrissey v. Curren*, 423 F.2d 393 (2d Cir. 1970); *Briscoe v. Compagnie Nationale Air France*, 290 F. Supp. 867 (S.D.N.Y. 1968).

Clearly, the trial court should be allowed to enter summary judgment for the nonmoving party, and pursuant to HRS § 12-105, this court is likewise empowered. In a case involving an appellate court reversing summary judgment for the movant and entering summary judgment for the nonmoving party, Judge Medina said, ". . . [I]t is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been made had the defendant made a cross-motion for summary judgment." *Local 33, Int. Hod Carriers, Etc. v. Mason Tenders, Etc.*, 291 F.2d 496 (2d. Cir. 1961) at 505.

Appellees' petition also raises a question involving two letters which are pertinent to our considerations here. The first letter, dated May 8, 1968, was not presented to the circuit court in its hearing of the Motion for Summary Judgment. Said letter was not argued in the memoranda of either counsel. Appellees in their own motion asserted that there was no genuine issue as to any material fact. Such lack of genuine issue is the only basis upon which summary judgment may be granted. Appellees cannot now come into court and contend that there really was a genuine issue of material fact. The other letter, dated July 22, 1968 (which letter was argued to the lower court), does not recite that it is an attempt to exercise the option to purchase. It, in fact, makes no reference to the option, either directly or indirectly. Additionally, unlike the July 29, 1969 letter, there is no indication that in accordance with the lease, Appellees intended to appoint an appraiser to settle any difference between the parties regarding the proposed purchase price.

Although the letters referred to were not explicitly argued before this court previously, the court has reviewed them

and confirms its opinion that neither letter constituted a bona fide attempt on the part of the Appellees to exercise their option to purchase under the terms of the lease. To remand the case for lower court consideration of these letters, just to have the case reappear here where the conclusion reached by this court must necessarily be the same, would not be judicially expedient.

The petition for rehearing is hereby denied without argument.

*Howard K. Hoddick* and *John A. Hoskins (Anthony Hoddick Reinwald & O'Connor* of counsel) for defendants- appellees, for the petition.