680 P.2d 193

**BYKE CONSTRUCTION COMPANY, INC., an Arizona corporation, Plaintiff-Appellant,**

v.

**Leon MILLER and Vivian E. Miller, husband and wife, Defendants-Appellees.**

**No. 1 CA–CIV 6639.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 16, 1984.

Review Denied April 17, 1984.

Crampton, Woods, Broening & Oberg by Don P. Crampton, Phoenix, for plaintiff-appellant.

Wentworth & Lundin by Timothy H. Barnes and Jeanne C. Young, Phoenix, for defendants-appellees.

## OPINION

GREER, Judge.

In this matter we have an opportunity to discuss a doctrine long cherished by law school professors and dreaded by most law students: the infamous rule against perpetuities. The facts in this matter are not in dispute.

Appellant, Byke Construction Corp. (Byke), sold certain real property to appellees, Leo and Vivian Miller (Millers). The escrow instructions executed by the parties contained the following option to repurchase:

IT IS UNDERSTOOD AND AGREED BY AND BETWEEN SELLER AND BUYER AS FOLLOWS:

. . . .

3) Buyer agrees to begin house construction on the subject property on or before May 1, 1979. Should Buyer fail to begin construction on or before such date, Seller shall have the right to buy back the subject property at a purchase price equal to the net proceeds paid Seller at close of this escrow.

The Millers did not begin construction on the house by the prescribed date. About two years later, in March, 1981, Byke sought to repurchase the property pursuant to the above quoted paragraph. The Millers refused to reconvey the property and Byke filed suit for specific performance. The Millers successfully argued in a motion for summary judgment that the option provision was void because it violated the rule against perpetuities.

The sole issue on appeal is whether the trial court erred by concluding that the option was void because it violates the rule. The Millers maintain that it does violate the rule because the option does not specify a time period within which it must be exercised and that it could therefore be exercised at a time beyond that permitted by the rule. Byke contends that because no

time period is specified, we must assume the parties intended a reasonable time period to apply, and that a reasonable time period is less than twenty-one years. We agree that the option does not violate the rule and therefore reverse and remand this matter for further proceedings.

The rule states:

No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.

Gray, *Rule Against Perpetuities* § 201 (4th Ed.1942).

■ The rule against perpetuities was originally intended to prevent an estate owner from unduly restricting the alienation of property. The California Supreme Court stated in *Wong v. DiGrazia*, 60 Cal.2d 525, 544, 35 Cal.Rptr. 241, 247, 386 P.2d 817, 823 (1963):

Since the rule against perpetuities was born in a society which extolled the tight ownership of inherited real property, it does not facilely operate as to commercial agreements in today's dynamic economy. 'The period of lives in being and 21 years, which works admirably with regard to gift transactions for family purposes, has no significance in the world of commercial affairs.'

■ While we can not categorically agree that the rule has no significance in the world of commercial affairs, we believe that when current rules of statutory construction exist which would validate a transaction otherwise void by the operation of the rule against perpetuities, they should be applied.

■ Arizona's statute codifying the common law rule appears broad enough to include option contracts. A.R.S. § 33–261 provides:

The common law rule known as the rule against perpetuities shall hereafter be applicable to all property of every kind and nature and estates and other interests therein, whether personal, real or mixed, legal or equitable by way of trust or otherwise.

■ We thus turn to the issue of whether it is possible that the option in the instant case may be exercised at a time beyond the period specified by the rule. To decide this issue, we must determine whether to imply a reasonable time limit, because the parties did not specify a time limit in their agreement. With regard to option contracts, courts generally hold that a reasonable time period will be judicially implied where none is specified in the agreement. *Smerchek v. Hamilton*, 4 Kan.App.2d 346, 606 P.2d 491 (1980); *Flint v. MacKenzie*, 53 Hawaii 626, 500 P.2d 556, reh'g *denied* 53 Hawaii 672, 501 P.2d 357 (1972); *Thompson v. Thompson*, 1 Wash. App. 196, 460 P.2d 679 (App.1969); *Mohr Park Manor, Inc. v. Mohr*, 83 Nev. 107, 424 P.2d 101 (1967). Arizona has ruled similarly with regard to contracts in general. *See, e.g., Zancanaro v. Cross*, 85 Ariz. 394, 339 P.2d 746 (1959); *Dutch Inns of America, Inc. v. Horizon Corp.*, 18 Ariz. App. 116, 500 P.2d 901 (1972). These cases are based partly upon the well-settled rule that a contract is to be interpreted to uphold the contract and carry into effect the parties' intentions, whenever reasonable and possible. *Shattuck v. Precision-Toyota, Inc.*, 115 Ariz. 586, 566 P.2d 1332 (1977).

■ The Millers contend that to apply this reasoning to the instant case would be to abrogate the rule against perpetuities. We think not. Quite to the contrary, we believe this approach meets the rule head on. The question which must be asked under the rule is whether it is possible for Byke or his heirs or assigns to exercise the option after a life in being plus twenty-one years have passed. To answer this question we must ask whether the option holder would be legally entitled to exercise the option at such a late date. If a suit were filed for specific performance of the option in the year 2002, the question for the court would be whether the parties intended to allow the option holder to exercise the option after such a considerable length of time. Implying a reasonable time period under the facts, we would say the parties could not intend so, as a matter of law.

Even if the question involved a fifteen year time limit, the answer would not change. It is simply not reasonable to infer that the parties intended to allow Byke to exercise the option after such a considerable amount of time. Thus, the option does not violate the rule because it is not *possible* to exercise the option after twenty-one years.

In reaching a similar conclusion with regard to an unspecified time period in a lease agreement, the California Supreme Court reasoned:

> Certainly our function is not to interpret the rule so as to create commercial anomalies. A lease to commence upon completion of the leased building is a common business arrangement. Such a clause is a standard provision of leases in shopping centers ... the parties to such transactions do not suspect that the rule will be extended to invalidate their agreements; even the attorneys who draw the leases may excusably not anticipate such application. Surely the courts do not seek to invalidate bona fide transactions by the imported application of esoteric legalisms. Our task is not to block the business pathway but to clear it, defining it by guideposts that are reasonably to be expected.

*Wong v. DiGrazia*, 35 Cal.Rptr. at 247, 386 P.2d at 823. *Accord Wonderfair Stores, Inc. of Arizona*, 511 F.2d 1206 (9th Cir. 1975); *Smerchek v. Hamilton*, 4 Kan. App.2d 346, 606 P.2d 491 (1980). We recognize that other courts have refused to imply a reasonable time under similar circumstances. *See, e.g., Pace v. Culpepper*, 347 So.2d 1313 (Miss.1977); *Martin v. Prairie Rod and Gun Club*, 39 Ill.App.3d 33, 348 N.E.2d 306 (1976). We believe the rule we have adopted is more persuasive in light of Arizona law with regard to contracts in general and the modern commercial transaction involved. To rule otherwise would be to ignore the parties' intentions in this matter.

For the foregoing reasons, the trial court's judgment is reversed and this matter is remanded for a factual determination of whether Byke exercised the option within a reasonable time period.

KLEINSCHMIDT and JACOBSON, JJ., concur.