**ROBERT BUTLER**, Plaintiff–Appellant, v. **JUNE T. OBAYASHI**, Defendant–Appellee

NO. 13819

(CIV. NO. 86–0230)

JANUARY 30, 1990

PADGETT, ACTING C.J., HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON OF
VACANCY, AND INTERMEDIATE COURT
OF APPEALS CHIEF JUDGE BURNS,
IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an Hawaii Rules of Civil Procedure (HRCP) 54(b) appeal from an order entered below dismissing the complaint.

The complaint contained two counts. In the first count, appellant prayed for the amount of $48,080.15 as the balance due upon a

contract for work in renovating appellee's home. The second count purports to sound in "tortious breach of contract" and alleges that the refusal to pay the remaining balance of $48,080.15 was done with deliberate intention to injure and damage appellant, and done with knowledge that such deliberate acts would injure appellant in his business, and his reputation.

Appellee filed a counterclaim and that counterclaim remains unadjudicated.

Appellant filed a motion for partial summary judgment in his favor on the ground that "the civil action bar in H.R.S. Chapter 444 has no application to the claims or counterclaims in this action." Appellee filed a memorandum in opposition to summary judgment, attaching to it her lengthy affidavit, accompanied by Exhibits A and B. Exhibit B was appellant's statement to appellee of the account on the renovation project.

The court below, having considered the motion, denied it and dismissed appellant's claim, holding that it was barred by the provisions of HRS § 444–22. We affirm.

HRS § 444–22 provides:

**Civil action.** The failure of any person to comply with any provision of this chapter shall prevent such person from recovering for work done, or materials or supplies furnished, or both on a contract or on the basis of the reasonable value thereof, in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work.

Although the court below denominated its order a dismissal, the order itself reveals that the court looked beyond the allegations in appellant's complaint to the factual materials, which the parties had submitted, in making its ruling. Accordingly, the dismissal was a summary judgment. It is well settled that where one party moves for summary judgment on a narrow issue such as the one here present, the trial court, in appropriate circumstances, can

grant a summary judgment to the opposite party. *Flint v. Mac-Kenzie*, 53 Haw. 672, 501 P.2d 357 (1972).

Here, there is no question but that appellant was acting as a contractor and that he was unlicensed. Therefore, the provisions of HRS § 444–22 barring this suit apply. Appellant argues however that the fact that appellee knew he was an unlicensed contractor required the intervention of equity to save him from the otherwise harsh provisions of the statute. He also argues that his second count is one in "tort" and not in contract and therefore not barred by the statute.

We cannot agree. HRS Chapter 444, providing for the licensing of contractors expresses a very strong public policy that contractors in this state should apply for, and receive licenses, and the provisions of HRS § 444–22, which are sweeping in their terms, are obviously intended to produce harsh results in furtherance of that policy. No exception is made in the statute for persons having knowledge of the fact that the contractor is unlicensed, and we therefore cannot engraft on the plain words of the statute such an exception.

As to appellant's "tort" claim, the allegations of the complaint, and the facts adduced in the record in support of, and in opposition to the motion for partial summary judgment, and for reconsideration of the court's dismissal, do not add up to a statement of a claim independent of the breach of contract by the refusal to pay. Affirmed.

*Brian R. Jenkins* (Rush, Moore, Craven & Stricklin) for appellant.

*Calvin K. Murashige* (Shiraishi, Yamada & Murashige) for appellee.