NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. NICHOLAS POPOVICH, SR., AND NICHOLAS POPOVICH, JR., INDIVIDUALLY AND TRADING AS N. POPOVICH & SON, DEFENDANTS-APPELLANTS.

Argued March 7, 1954—Decided April 25, 1955.

*Mr. Reuben P. Goldstein* argued the cause for the defendants-appellants.

*Mr. Harry Schaffer* argued the cause for the plaintiff-respondent (*Messrs. Waxman & Waxman,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from a judgment of the Appellate Division which reversed a judgment of the Superior Court, Law Division, in favor of the defendants-appellants and against the plaintiff-respondent entered on a jury verdict of no cause of action and remanding the cause for a new trial. We granted certification on application made under *R. R.* 1:10–2(*d*).

The basic question involved was whether there is a right of subrogation as between two employers of a single employee. One Mason was killed while operating a tractor owned by the defendants-appellants to which was attached a trailer owned by Kramer Brothers Freight Lines, Inc., an assured of the plaintiff-respondent.   Kramer Brothers were engaged in interstate transportation of commodities by motor vehicle under a federal license between certain western cities and certain cities on the eastern seaboard.   While the tractor was owned by the defendants-appellants its use was under a lease between the appellants and Kramer Brothers.   The principal question involved and tried before the Compensation Bureau was, by whom was Mason employed?

Two petitions for compensation were filed with the Bureau, one against Kramer Brothers and the other against the appellants, seeking compensation against both.   On motion, with consent of counsel for both the then respondents, the two petitions were consolidated and tried together in the Bureau. The Bureau found as a matter of fact and law that the operation of the tractor and trailer and the employment of Mason under the arrangement between the then two respondents was not a partnership but in legal effect was a joint enterprise and both respondents were found jointly and equally liable and a judgment in the amount of $22,932 plus

a counsel fee of $900 was entered against both the respondents. When the judgment was not paid by either of the respondents the decedent's representative filed an action in the Union County Court against the plaintiff-respondent here, the compensation carrier for Kramer Brothers, and under the statute, *R. S.* 34:15–84, a judgment was entered for the full amount of the award.

Kramer Brothers' insurer, the plaintiff-respondent here, then filed a complaint in the Superior Court stating that it issued a standard workmen's compensation policy to Kramer Brothers and alleging the judgment in the Bureau and the judgment in the County Court, and further alleging that a demand from the defendants-appellants for contribution was refused. In a second count it alleged that according to the Compensation Act plaintiff-respondent had demanded from the defendants-appellants contribution which was refused, and demanded judgment for one-half the payments made by the plaintiff-respondent and any further sums to be paid by it on account of the award in the Bureau. By way of answer the defendants-appellants denied Mason was their employee and also denied their liability for contribution and set up five separate defenses: (1) that they were under no legal obligation to the plaintiff; (2) that there could be no contribution between joint tortfeasors; (3) that *R. S.* 34:15–1 contained no provision for the joint payment of the award; (4) that there was no privity of contract between the defendants and other persons; (5) they had no legal duty to contribute any moneys paid by the plaintiff on behalf of Kramer Brothers.

The Superior Court entered a summary judgment for the plaintiff on the ground that the award of the Bureau was *res adjudicata* on the question of employment. This was reversed by the Appellate Division which held the common law rule as to contribution by joint tortfeasors did not apply; (2) that the award by the Bureau against co-employers was not *res adjudicata* of their rights *inter sese* in a subsequent action between them for contribution since the Bureau had no authority to make such a determination in a compensation

proceeding. The cause was remanded for a new trial. *New Amsterdam Casualty Co. v. Popovich*, 27 *N. J. Super.* 40 (*App. Div.* 1953). On the remand a judgment of no cause for action in favor of the defendants-appellants and against the plaintiff-respondent was entered on the jury verdict as above stated.

On appeal this second judgment was reversed by the Appellate Division on the ground that the trial court committed error in refusing to admit into evidence certified copies of the pleadings and award in the Workmen's Compensation Bureau which were offered for the purpose of showing that in the answers filed by the defendants-appellants in that case they admitted that Mason was an employee of theirs. This we agree was error. Prior assertions made in pleadings or evidence which are inconsistent with or contradictory of present claims can be treated as an admission in subsequent litigation. *Freeman v. Ackerson*, 94 *N. J. L.* 308 (*Sup. Ct.* 1920); *Lincks v. Erie Railroad Co.*, 97 *N. J. L.* 343 (*E. & A.* 1922).

In the course of its opinion this part of the Appellate Division held that the prior decision of the Appellate Division was the law of the case and stated:

"The record before us does not disclose any application to the Supreme Court for certification and we assume that none was made. The Supreme Court not having passed upon the legal propriety of the reversal of the summary judgment, we recognize the opinion of the Appellate Division as the law of the case. However, because we entertain some doubt as to whether we would have decided the issue in the same way, we wish to point out that we neither approve nor disapprove that opinion." *New Amsterdam Casualty Co. v. Popovich*, 31 *N. J. Super.* 514 (*App. Div.* 1954).

We agree that the prior decision of the Appellate Division for the purposes of the retrial became the law of the case and binding on both the trial court and the Appellate Division on a subsequent appeal, but it is not binding upon this court. It is not *stare decisis* in this court. *Flaucher v. City of Camden*, 56 *N. J. L.* 244 (*Sup. Ct.* 1893); *State v. Toth*, 86 *N. J. L.* 247 (*E. & A.* 1914); *State Hospital, etc.*

*v. Consolidated Water Supply*, 267 *Pa.* 29, 110 *A.* 281 (*Sup. Ct.* 1920).

We are not in accord with the original decision that that judgment of the Workmen's Compensation Bureau that the decedent Mason was an employee of both Kramer Brothers and the defendants-appellants here, was not *res adjudicata* in the proceeding here. A final judgment of the Bureau is *res adjudicata* as to all matters determinable at the time of its entry. *Mangani v. Hydro, Inc.*, 119 *N. J. L.* 71 (*E. & A.* 1937); *J. W. Ferguson Co. v. Seaman*, 119 *N. J. L.* 575 (*E. & A.* 1938); *Tucker v. Frank J. Beltramo, Inc.*, 117 *N. J. L.* 72 (*Sup. Ct.* 1936); *Estelle v. Board of Education, etc.*, 14 *N. J.* 256 (1954).

Therefore the law of this case is that Mason was employed jointly by Kramer Brothers and the defendants-appellants, both of whom were engaged in a joint enterprise.

An employee is entitled to compensation benefits from both employers because he is barred from maintaining a common-law negligence action against either of them. The act provides for payment of a percentage of "wages," which is defined to mean the money rate at which the services rendered is recompensed under the contract of hiring. The employee is concerned only with a single weekly pay check paid jointly by his employers and he is not concerned with any financial or bookkeeping arrangements as between his employers. *Scott v. Public Service Interstate Transportation Co.*, 6 *N. J. Super.* 226 (*App. Div.* 1950).

The defendants-appellants, however, contend that the plaintiff-respondent is not entitled, as the insurer of Kramer Brothers, to subrogation as against them. The argument is made that the statute excludes reimbursement from any but the third-party tortfeasor, *R. S.* 34:15–40, and the appellant relies upon the case of *U. S. Casualty Co. v. Hercules Powder Co.*, 4 *N. J.* 157 (1950). But that case had in view only the rights of the parties where there is a recovery against a third-party tortfeasor.

Prior to the enactment of these sections relating to the third-party tortfeasor, the employee or his dependents had

(1) a right of action for compensation under the statute, and (2) an action in tort against the third-party wrongdoer, and the amendments to the statute were made to meet a mischief where an injured employee could retain both the compensation payments and full damages from his common-law right of action against a third party. There was also involved in such a situation the question of lack of privity between the parties.

The defendants-appellants' argument is that an insurance carrier may only initiate proceedings for reimbursement under the statute against a third-party tortfeasor who caused the employee's injuries and can only recover the employee's common-law damages for such injuries, and that the plaintiff-respondent can only succeed to these rights as limited by statute and that this statutory remedy for reimbursements is exclusive and there can be no judicial expansion of the scope of the act.

We do not agree that the construction of the statute can be so limited.

They further suggest that under the common law there can be no contribution between joint tortfeasors. The respective parties under the Workmen's Compensation Act occupy a definite statutory status or relationship which in essence is contractual. *Steinmetz v. Snead & Co.*, 123 *N. J. L.* 497 (*Sup. Ct.* 1939), affirmed 124 *N. J. L.* 450 (*E. & A.* 1940); *Snead & Co. v. Steinmetz*, 311 *U. S.* 605, 61 *S. Ct.* 12, 85 *L. Ed.* 383 (1940). The liability under the act is *ex contractu* and not *ex delicto.*

Our scheme of compensation set forth in *article* II of the act, *R. S.* 34:15–7 *et seq.*, enters by operation of law into every contract of hiring made in this State unless there be an affirmative rejection of the plan for the alternative common-law liability for negligence as modified by the provisions of article I of the act. The declared public policy of article II precludes any other recovery or measure of compensation in cases governed by its terms. *Estelle v. Board of Education, etc., supra; Gotkin v. Weinberg*, 2 *N. J.* 305, 308 (1949).

In *Aetna Life Insurance Co. v. Moses*, 287 *U. S.* 530, 53 *S. Ct.* 231, 77 *L. Ed.* 477 (1933), Chief Justice Stone said:

"The statute contemplates that the payment of compensation should be secured by insurance, and nothing in it indicates that the insurer is to be denied an indemnitor's rights. Subrogation is a normal incident of indemnity insurance."

In *Standard Accident Insurance Co. v. Pellecchia*, 15 *N. J.* 162, 171 (1954), this court, through the Chief Justice, stated:

"Subrogation is a device of equity to compel the ultimate discharge of an obligation by the one who in good conscience ought to pay it, * * *. It is most often brought into play when an insurer who has indemnified an insured for damage or loss is subrogated to any rights that the insured may have against a third party, who is also liable for the damage or loss. * * * Subrogation is highly favored in the law, * * * although it is not an absolute right but rather is applied under equitable standards with due regard to the legal and equitable rights of others, * * *."

But the parties may by agreement waive or limit the right, and the subrogee in effect steps into the shoes of the insured and can only recover if the insured likewise could have recovered.

The plaintiff's cause of action seems to have been predicated on a provision in its policy with Kramer Brothers, which provides as follows:

"K. The Company shall be subrogated in case of any payment under this Policy, to the extent of such payment, *to all rights of recovery therefor vested by law in this Employer, or in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates.*" (Italics supplied.)

But this provision simply means that the plaintiff-respondent would be entitled to subrogation only if Kramer Brothers in turn had such a right over and against the defendants-appellants by virtue of the contract of lease covering the tractor. In the ordinary case of a joint obligation under a contract it would seem that a party who has paid his full share of the contractual liability is entitled to recover

another's share of the debt. 4 *Corbin on Contracts* (1951), sec. 935; *Ruckman v. Decker*, 28 *N. J. Eq.* 5 (*Ch.* 1877).

While there is testimony in this case as to the financial arrangements between Kramer Brothers and the defendants-appellants covering the lease of the tractor, it relates solely to the percentage of fees earned for each load, the wages of the driver, withholding taxes, social security taxes and the cost of operating the tractor and other incidental expenses; and there is some indirect testimony by the general manager of Kramer Brothers as to what type of insurance coverage was carried by them. But the lease itself is not in evidence and we cannot speculate as to facts which are the very heart of this case.

If there are provisions in this lease regarding subrogation, the plaintiff-respondent's rights can be no greater than its assured's rights against the defendants-appellants. If by the terms of the lease the liability is to be shared in any fixed proportions, the plaintiff-respondent will be entitled to subrogation only to that extent. If there is an obligation on the part of the plaintiff-respondent's assured to fully indemnify the defendants-appellants, then such a contract provision in the lease would bar a contribution by the defendants-appellants to the assured and thus preclude the plaintiff-respondent from maintaining this action for subrogation.

If, on the other hand, there are no such provisions in the contract of lease for the tractor, then the rights and liabilities arise by virtue of the contractual relationship created by the Compensation Act and the ordinary rules as to subrogation as above stated should apply; and since the original judgment of the Compensation Bureau found that the plaintiff-respondent's assured and the defendants-appellants were jointly liable for the compensation, then the defendants-appellants are liable for contribution to the extent of one-half of the compensation awarded.

The judgment of the Appellate Division is affirmed and the cause is remanded for a new trial consistent with the views expressed in this opinion.

No costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.