174 N.J. Super. 305 (1980)
416 A.2d 433
ANTHONY MONTEDORO, PETITIONER-RESPONDENT,
v.
CITY OF ASBURY PARK, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1980.
Decided May 30, 1980.
*306 Before Judges ALLCORN, MORGAN and FRANCIS.
Gerard D. Rotella argued the cause for appellant (Cunneen and O'Gorman, attorneys; Gerard D. Rotella, on the brief).
Raymond P. Shebell argued the cause for respondent (Shebell & Schibell, attorneys; Raymond P. Shebell, on the brief).
The opinion of the court was delivered by MORGAN, J.A.D.
In this appeal we must decide whether a worker's compensation lien, provided for by N.J.S.A. 34:15-40, attaches to the proceeds of an uninsured motorist's policy. The judge of compensation rejected the employer's carrier's lien claim. The employer appeals.
The relevant facts are not in dispute. The petitioner, a patrolman employed by appellant Asbury Park, was injured in a work-related automobile accident with an uninsured motorist. His claim filed against Asbury Park's uninsured motorist coverage (UMC) resulted, following arbitration, in an award of $14,500 exclusive of personal injury protection benefits. His claim petition seeking worker's compensation benefits for the same injuries resulted in a total compensation award of $2,750. It was during the worker's compensation hearing that the employer unsuccessfully asserted its lien against the UMC recovery in extinction of its adjudicated worker's compensation liability.
Walkowitz v. Royal Globe Ins. Co., 149 N.J. Super. 442 (App. Div. 1977), and Sweeney v. Hartford Acc. & Indem. Co., 136 N.J. Super. 591 (Law Div. 1975), provided the principal predicate *307 for the judge's ruling in this case. Both cases invalidated, because of repugnancy to statute and public policy, those provisions of a statutorily prescribed UMC policy which attempted to diminish liability thereon by the amount of worker's compensation received by the insured for his injuries. Neither, however, dealt with the issue involved here, whether N.J.S.A. 34:15-40 invests the employer or his carrier with a compensation lien on an injured employee's right to recover on a UMC policy provided by his employer. The reason given in Walkowitz and Sweeney for invalidating the policy provisions crediting the carrier with the amount of worker's compensation received by the insured underscore the distinction between the two issues.
... Consequently, any attempt by the insurer to limit its liability under this coverage by providing for a reduction in the amount due thereunder by the amount of worker's compensation benefits received by or awarded to the insured violates the clear mandate of the statute and is against the public policy of this State....
The compensation lien, however, created by N.J.S.A. 34:15-40, is not in violation of statute, and having been enforced for well over 60 years is hardly against public policy. It was adopted to prevent what had been previously occurring  an injured employee retaining worker's compensation benefits while also retaining the fruits of a common law recovery in damages from the third-party tortfeasor responsible for the injuries for which the employee recovered worker's compensation. New Amsterdam Cas. Co. v. Popovich, 18 N.J. 218, 225-226 (1955). N.J.S.A. 34:15-40 first preserves an employee's right of action against "a third person ... liable to the employee or his dependents for an injury or death...." The next portions, critical to this appeal, read as follows:
... In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee ..., the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
........
(b) If the sum recovered by the employee ... from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed . . *308 for the medical expenses incurred and compensation payments theretofore paid to the injured employee. .. .
First, we note that, with one exception which we view as minor, the given facts fall precisely within the statutory language. A "third party" (uninsured motorist) has been found liable to the employee for the employee's injury and the sum recovered by the employee from the UM carrier is greater than that the worker's compensation to which he has been adjudicated entitled. The one distinction is that the third-party recovery was not from "the third person or his insurance carrier" but rather from the employer's insurance carrier whose responsibility is predicated on the liability of the third person, in this case an uninsured driver.
Notwithstanding this distinction, we view the demands of the situation we confront as requiring application of N.J.S.A. 34:15-40. UM coverage was adopted to provide to automobile accident victims of uninsured drivers the minimum amount of insurance coverage available to those fortuitously injured by negligent insured drivers. Thus, with the adoption of uninsured motorists' coverage on a mandatory basis, more persons than before are assured of having available to them, in case of accident, the minimum amount of insurance coverage, presently $15,000-$30,000, whether by an insured driver or by way of uninsured motorists' coverage. An employee injured in a worker-related automobile accident by an insured tortfeasor cannot, under N.J.S.A. 34:15-40, retain both worker's compensation benefits and the fruits of the common law damage action against a third-party tortfeasor. We have been unable to conceive of any reason why the Legislature would have intended an employee-accident victim of an uninsured driver to fare better than an employee-accident victim of an insured driver, when the legislative effort has been in the other direction.
A recovery under a UM policy is regarded "as damages" by statute, N.J.S.A. 17:28-1.1, and its essence is as compensation for the uninsured driver's common law liability. Satzinger v. Satzinger, 156 N.J. Super. 215, 221 (Ch.Div. 1978). The insured's legal entitlement to damages for the uninsured driver's negligence *309 imports into the UM policy all of the normal rules governing tort liability and damages. See Stanton, "Protection Against Uninsured Motorists in New Jersey," 3 Seton Hall L.Rev. 19 (1971). It is this element which distinguishes UM coverage from other kinds of first-party coverage, such as health and accident or life coverage. Indeed, UM coverage in the form mandated so closely tracks the essentials of traditional liability coverage as to be, for present purposes, indistinguishable from it.[1]
As applied here, plaintiff was adjudicated entitled to $14,500 from the UM carrier on account of the uninsured's negligence. That the uninsured will not be paying the award is not significant; an insured tort-feasor would not be paying a judgment, and such fact has no relation to the existence or enforceability of the worker's compensation lien on payments on the tort-feasor's behalf. Nor do we believe that the identity of the person or entity purchasing the coverage should control. In some cases where the employee himself purchases UM protection, courts have suggested his payment of the premium for that protection as justification for his keeping both recoveries. Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (Sup.Ct. 1971); State Farm Mut. Auto Ins. Co. v. Karasek, 22 Ariz. App. 87, 523 P.2d 1324 (App.Ct. 1974). We need not decide the legitimacy of that justification because, in this case, the employer provided the UM coverage as well as the worker's compensation coverage. Nor is the fortuity that the worker's compensation and the UM carrier are one and the same of any significance. The interrelationship between UM coverage and the compensation lien should not turn upon coincidences that do not go to the heart of the legal relationship.
*310 The fundamental policy expressed in N.J.S.A. 34:15-40 is to limit an injured employee to that which the common law entitles him as long as that amount is greater than worker's compensation benefits for the same injury; it assumes such recovery to represent the most to which he is entitled. Anything in addition thereto, i.e., the payments received on account of worker's compensation, are to be returned to the employer or his carrier. Nothing in the situation with which we are confronted suggests why the same relationship between employer and injured employee should not obtain here.
Reversed.
NOTES
[1] We do not mean to suggest that distinctions do not exist. For example, we question whether an uninsured driver would be able to plead, in mitigation of his own liability, payments made by a UM carrier because of his negligence. We leave that question to a more appropriate case. We only suggest what distinctions there are or may be are not pertinent to the present problem.