LEONARD A. PULLEN, PLAINTIFF-APPELLANT, v.
TRAVELERS INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 19, 1985—Decided December 13, 1985.

Before Judges ANTELL, SHEBELL and MUIR.

*Allan Maitlin* argued the cause for appellant (*Feuerstein, Sacks, Maitlin, Rosenstein & Fleming,* attorneys; *Mr. Maitlin,* on the brief).

*John J. Budd* argued the cause for respondent (*Budd, Larner, Kent, Gross, Picillo, Rosenbaum, Greenberg & Sade,* attorneys; *Mr. Budd,* on the brief).

The opinion of the Court was delivered by

SHEBELL, J.A.D.

Plaintiff Leonard A. Pullen was a passenger in an automobile struck head-on by an uninsured vehicle which was traveling on the wrong side of the road in Boston, Massachusetts. Plaintiff was on the business of his employer at the time and was awarded workers' compensation benefits in the sum of $36,-479.23 from defendant Travelers Insurance Company.

Plaintiff also recovered $225,000 through uninsured motorist coverage with the United Services Automobile Association which he had obtained and paid for himself. Defendant asserted a lien pursuant to *N.J.S.A.* 34:15–40 *et seq.* against that recovery. Plaintiff disputed defendant's entitlement and brought this declaratory judgment action seeking to bar defendant's claim.

Cross-motions for summary judgment resulted in the motion judge holding defendant's claim for reimbursement to be prop-

er. The court also resolved a dispute as to the amount of counsel fee to be charged before payment of the net amount to defendant.

Plaintiff appeals, alleging the court improperly ruled in favor of the workers' compensation insurance company. He also claims the court impermissibly pro rated the counsel fee paid on the total recovery instead of charging the workers' compensation carrier for the greater counsel fee paid on the up-front portion of the recovery against which the lien attaches. We need not consider this second issue.

The motion judge in ordering payment to the workers' compensation insurance carrier relied upon the Appellate Division decision of *Montedoro v. Asbury Park*, 174 *N.J.Super.* 305 (App.Div.1980) which was recently adhered to by another Part of this court in *Midland Ins. Co. v. Colatrella*, 200 *N.J.Super.* 101 (App.Div.1985). We respectfully decline to follow the holdings in *Montedoro* and *Colatrella.*

In the original enactment of the Workers' Compensation Act (*L.* 1911, *c.* 95) there was no provision for reimbursement to the employer from the proceeds of a recovery from a liable third party or his insurance carrier. *Danesi v. American Mfrs. Mut. Ins. Co.*, 189 *N.J.Super.* 160, 162 (App.Div.1983), certif. den. 94 *N.J.* 544 (1983); *United States Cas. Co. v. Hercules Powder Co.*, 4 *N.J.* 157, 163 (1950); *Henry Steers, Inc. v. Turner, etc., Co.*, 104 *N.J.L.* 189, 193 (E. & A. 1927). In 1913 the act was amended (*L.* 1913, *c.* 174, § 8) to provide for extinguishing of the employer's obligation to pay further compensation in the event of a recovery against a third-party tortfeasor, a right of reimbursement for workers' compensation benefits paid and a lien to secure reimbursement. *Danesi, supra.*

Various refinements in the statutory language and procedures resulted in the present *N.J.S.A.* 34:15–40 which provides as follows:

> Where *a third person is liable* to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or

insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from *the said third person or his insurance carrier,* any sum in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.

(a) The obligation of the employer or his insurance carrier under this statute to make compensation payments shall continue until the payment, if any, *by such third person or his insurance carrier is made.*

(b) If the sum recovered by the employee or his dependents *from the third person or his insurance carrier* is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

.     .     .     .     .     .     .     .

(d) If at any time prior to the payment by *the third person or his insurance carrier* to the injured employee or his dependents, the employer or his insurance carrier shall serve notice, as hereinafter provided, upon *such third person or his insurance carrier* that compensation has been applied for by the injured employee or his dependents it shall thereupon become the duty of *such third person or his insurance carrier,* before making any payment to the injured employee or his dependents, to inquire from such employer or his insurance carrier the amount of medical expenses incurred and compensation theretofore paid to the injured employee or to his dependents. Where such notice shall have been served, it shall further become the duty of *such third person or his insurance carrier,* before making any payment as aforesaid, to inquire from such injured employee or his dependents the amount of the expenses of suit and attorney's fee, or either of them in the action or settlement of the claim against *such third person or his insurance carrier.* Thereafter, out of that part of any amount about to be paid in release or in judgment by *such third person or his insurance carrier* on account of his or its liability to the injured employee or his dependents, the employer or his insurance carrier shall be entitled to receive from *such third person or his insurance carrier* so much thereof as may be due the employer or insurance carrier pursuant to subparagraph (b) or (c) of this section. Such sum shall be deducted by *such third person or his insurance carrier* from the sum to be paid in release or in judgment to the injured employee or his dependents and shall be paid by such third person or his insurance carrier to the employer or his insurance carrier. Service of notice, hereinbefore required to be made by the employer or his insurance carrier upon such third person or his insurance carrier, shall be by registered mail, return receipt and in cases other than an individual shall be mailed to the registered office of *such other third person or his insurance carrier.*

(e) As used in this section, "expenses of suit" shall mean such expenses, but not in excess of $200.00, and "attorney's fee" shall mean such fee, but not in

excess of 33⅓% of that part of the sum paid in release or in judgment to the injured employee or his dependents by *such third person or his insurance carrier* to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding.

(f) When an injured employee or his dependents fail within 1 year of the accident to either effect a settlement with the *third person or his insurance carrier* or institute proceedings for recovery of damages for his injuries and loss against the *third person, the employer or his insurance carrier,* 10 days after a written demand on the injured employee or his dependents, can either effect a settlement with the *third person or his insurance carrier* or institute proceedings against *the third person* for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents and any settlement made with the *third person or his insurance carrier* or proceedings had and taken by such employer or his insurance carrier against *such third person,* and such right of action shall be only for such right of action that the injured employee or his dependents would have had against *the third person,* and shall constitute a bar to any further claim or action by the injured employee or his dependents against *the third person.* If a settlement is effected between the employer or his insurance carrier and the *third person or his insurance carrier,* or a judgment is recovered by the employer or his insurance carrier against *the third person* for the injuries and loss sustained by the employee or his dependents and if the amount secured or obtained by the employer or his insurance carrier is in excess of the employer's obligation to the employee or his dependents and the expense of suit, such excess shall be paid to the employee or his dependents. The legal action contemplated hereinabove shall be a civil action at law in the name of the injured employee or by the employer or insurance carrier in the name of the employee to the use of the employer or insurance carrier, or by the proper party for the benefit of the next of kin of the employee. Where an injured employee or his dependents have instituted proceedings for recovery of damages for his injuries and loss *against a third person* and such proceedings are dismissed for lack of prosecution, the employer or insurance carrier shall, upon application made with 90 days thereafter, be entitled to have such dismissal set aside, and to continue the prosecution of such proceedings in the name of the injured employee or dependents in accordance with the provisions of this section.

(g) If such employee or his dependents effect a settlement *with the third person or his insurance carrier* or institute proceedings against *the third person* prior to the service of notice upon *the third person or his insurance carrier* of the compensation obligation of the employer or his insurance carrier or prior to the institution of any proceedings against *the third person* by the employer or his insurance carrier for the injuries and loss sustained by such employee or his dependents, such employer or his insurance carrier is barred from instituting any action or proceedings against *the third person* for the injuries and loss sustained by such employee or his dependents.

The words "third person" as used in this section include corporations, companies, associations, societies, firms, partnerships and joint stock companies

as well as individuals.  As amended L. 1951, c. 169, p. 646, § 1;  L. 1956, c. 141, p. 574.  § 6.  [emphasis ours]

The courts in *Montedoro*, 174 *N.J.Super.* at 310, and *Colatrella*, 200 *N.J.Super.* at 109, espoused the view that the legislative policy behind *N.J.S.A.* 34:15–40 was to limit an injured employee's recovery to the extent necessary to preclude a "double recovery."

The labeling as a "double recovery" of an injured worker's receipt of moneys from his workers' compensation remedy as well as from a source related to the third party's tort liability only rarely has any basis in fact.  Experience demonstrates that in the majority of tort settlements a full recovery is not received because of the expense of counsel fees and litigation costs and because in most instances settlements are accepted which represent a compromise on the issues of liability, damages or both.

Indeed, in many cases if only the statutorily mandated uninsured motorist coverage of $15,000 exists the recovery may be only a small fraction of the difference between the workers' compensation award and the actual damages suffered by an injured worker.

Further, workers' compensation awards have always been based upon a scaled-down structure in order to reflect the certainty of recovery by all injured employees regardless of fault.  In many situations recovery from both sources may not even represent a full recovery let alone a "double recovery."

We find no evidence of any legislative intent beyond that of permitting the employer or its insurance carrier to be reimbursed where moneys may be realized from a third-party tortfeasor or his insurance carrier.  *Prudential Ins. Co. v. Laval*, 131 *N.J.Eq.* 23, 26 (Ch.1942).  This limited legislative intent is repeatedly noted throughout the statute.  We believe the statutory language must be strictly construed as it is not only in derogation of the common law, but also takes from an injured worker moneys which in the absence of such statutory provision he would be entitled to.

It is not however our desire to discuss the relative merits of whether or not there should be a statutory lien which attaches to recoveries under uninsured motor vehicle coverage. To our view, that is not an issue for the courts.

Our task is to answer the question of whether or not *N.J.S.A.* 34:15–40 requires reimbursement to employers or their insurance carriers for workers' compensation benefits paid in those cases where the employee has recovered under uninsured motorists' coverage which he has himself provided. We find the statute to be clear and unambiguous on this issue. Nowhere does the statute refer to any reimbursement from any source other than a "liable third person or his insurance carrier." Neither the *Montedoro* or the *Colatrella* courts confronted the clear language of the statute.

The court in *Colatrella*, 200 *N.J.Super.* at 103–104, recognized it was not following the majority view, stating:

... the issue has engendered a great deal of controversy throughout the country and that many jurisdictions have resolved the question in a contrary fashion. *Compare Boehler v. Ins. Co. of North America*, 290 *F.Supp.* 867, 871 (E.D.Ark.1968); *Jones v. Morrison*, 284 *F.Supp.* 1016, 1022 (W.D.Ark.1968); *Ullman v. Wolverine Ins. Co.*, 48 *Ill.*2d 1, 269 *N.E.*2d 295, 299 (Sup.Ct.1970); *Hackman v. American Mut. Liability Ins. Co.*, 110 *N.H.* 87, 261 *A.*2d 433, 438 (Sup.Ct.1970) with *Knight v. Ins. Co. of North America*, 647 *F.*2d 127, 128 (10 Cir.1981); *Bogart v. Twin City Fire Ins. Co.*, 473 *F.*2d 619 (5 Cir.1973); *State Farm Mut. Auto. Ins. Co. v. Cahoon*, 287 *Ala.* 462, 252 *So.*2d 619, 621 (Sup.Ct.1971); *State Farm Mut. Automobile Ins. Co. v. Karasek*, 22 *Ariz.App.* 87, 523 *P.*2d 1324, 1326 (Ct.App.1974); *Travelers Ins. Co. v. Nat'l Farmers Union Prop. & Cas. Co.*, 252 *Ark.* 624, 480 *S.W.*2d 585 (Sup.Ct.1972); *State Comp. Ins. Fund v. Gulf Ins. Co.*, 628 *P.*2d 182, 184 (Colo.Ct.App.1981); *State Farm Mut. Automobile Ins. Co. v. Univ. Sys. of Georgia Bd. of Regents*, 226 *Ga.* 310, 174 *S.E.*2d 920, 921–922 (Sup.Ct.1970); *Gentry v. Pugh*, 362 *So.*2d 1154, 1156–1157 (La.Ct.App.1978); *Janzen v. Land O'Lakes, Inc.*, 278 *N.W.*2d 67 (Minn.Sup.Ct.1979); *Hartford Accident & Indemn. Co. v. Glickman*, 84 *Misc.*2d 33, 374 *N.Y.S.*2d 566, 568–569 (Civ.Ct.1975); *Southeast Furniture Co. v. Barrett*, 24 *Utah* 2d 24, 465 *P.*2d 346, 347–348 (Sup.Ct.1970).

Even if this court were to rule through supposed judicial interpretation of legislative intent we would fall far short of the comprehensive revisions and planning necessary to put in place the structure contemplated by *N.J.S.A.* 34:15–40 which provides not only for reimbursement, but also for notice of liens, discon-

tinuance of payments of workers' compensation benefits, assessment of counsel fees and more.

Further, how would we garner the legislative intent with regard to whether or not the reimbursement should only be to the extent of the statutorily mandated uninsured motorists' protection or to the full extent of the coverage which an injured party may have seen fit to obtain to protect his own interests? If we start with uninsured motorists' protection should we then continue on to include all forms of insurance protection which the injured worker might have made available? The considerations inherent in such policy decisions are best left to the Legislature after proper hearings and review.

In the absence of a specific statutory provision, we find no authority for this court to take funds from the plaintiff to which he became entitled by reason of his purchase of uninsured motorists' protection. We are not constitutionally empowered to take independent legislative action and decline to do so.

The summary judgment entered in favor of the defendant by the Law Division is reversed. We remand to the Law Division for entry of an order granting plaintiff's motion for summary judgment.