MIDLAND INSURANCE COMPANY, PLAINTIFF-RESPONDENT, v. ANTHONY P. COLATRELLA, DEFENDANT-APPELLANT, AND TRAVELERS INSURANCE COMPANY, A CONNECTICUT CORPORATION, DEFENDANT.

Argued November 4, 1985—Decided June 11, 1986.

*Ernest N. Giannone* argued the cause for appellant (*Giannone & Curreri,* attorneys).

*Joseph T. Duchak* argued the cause for respondent (*Eak & Duchak,* attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

This case requires us to determine whether a workers' compensation lien applies against the proceeds of an uninsured motorist provision of an injured worker's personal automobile insurance policy. The trial court ruled that the lien applied and that the worker must reimburse the compensation carrier from the proceeds of his uninsured motorist insurance. The Appellate Division agreed. 200 *N.J.Super.* 101 (1985). We granted certification, 101 *N.J.* 278 (1985), and now affirm the judgment of the Appellate Division.

I

While working for the New Jersey Highway Authority in July 1980, defendant Anthony Colatrella was struck by an unidentified hit-and-run motorist. Colatrella filed a workers' compensation claim and was paid $9270.52 by Midland Insurance Company (Midland), the workers' compensation carrier for his employer. Colatrella also filed a claim under the uninsured motorist provision of his personal automobile liability insurance policy with Travelers Insurance Company (Travelers). This claim was submitted to arbitration and during the pendency of the arbitration proceeding, Midland asserted a lien, pursuant to *N.J.S.A.* 34:15–40, against the award. Colatrella and Travelers settled the uninsured motorist claim for $27,500, which was $2,500 less than the $30,000 policy limit, and Travelers paid the agreed sum to Colatrella in exchange for a hold-harmless agreement.

Midland sued Colatrella and Travelers for reimbursement, and Travelers cross-claimed against Colatrella for indemnification. All parties moved for summary judgment. The Law Division granted Midland's motion requiring Colatrella to reimburse Midland, and also granted Travelers' motion seeking indemnification from Colatrella.

On Colatrella's appeal, the Appellate Division adhered to its holding in *Montedoro v. City of Asbury Park,* 174 *N.J.Super.*

305 (1980), which held that the lien of the workers' compensation carrier attaches to the proceeds of uninsured motorist insurance purchased by the employer. The Court perceived no reason for reaching a different result merely because the uninsured motorist provision at stake in the present case was contained in the policy of the employee, not the employer. 200 *N.J.Super.* at 107. The court also found that the Legislature specifically intended *N.J.S.A.* 34:15–40 to prevent double recovery by an employee, *id.* at 104, and that *N.J.S.A.* 17:28–1.1, which requires uninsured motorist coverage, did not evince a contradictory legislative intent, *id.* at 106. Consequently, the Appellate Division held that Midland was entitled to reimbursement for its workers' compensation lien from the proceeds of Colatrella's uninsured motorist policy.

## II

Generally speaking, the workers' compensation and uninsured motorist statutes apply to different risks. The Workers' Compensation Act provides prescribed benefits to an employee for work-related injuries, and the uninsured motorist statute provides a means for an automobile owner to recover for injuries caused by an uninsured motorist. Nonetheless, both statutes are implicated in the present case, which involves work-related injuries sustained by an employee caused by the negligence of an unidentified ("hit-and-run") motorist.

An injured party asserting a claim either in workers' compensation or under uninsured motorist coverage may recover lesser damages than would be allowed in a common-law action against a third-party tortfeasor. In some cases, the actual damages suffered by the employee may exceed the combined recovery under the Workers' Compensation Act and uninsured motorist coverage. Here, however, it is apparent that the workers' compensation benefits and the proceeds of Colatrella's unin-

sured motorist coverage exceed the acknowledged value of his injuries.

Under the workers' compensation law, when an injured employee has received compensation benefits and later recovers a greater sum from a third person liable for those injuries, the employee must reimburse the employer or its compensation carrier to the extent of the benefits paid. *N.J.S.A.* 34:15–40(b). The purpose of the statute is to reconcile recovery in a workers' compensation proceeding and in a common-law-tort action. *New Amsterdam Cas. Co. v. Popovich*, 18 *N.J.* 218, 225–26 (1955). Typically, the statute applies when the employee recovers from a third-party tortfeasor. *See, e.g., Schweizer v. Elox Div. of Colt Indus.*, 70 *N.J.* 280 (1976). In the present case, however, the employee recovered not from the tortfeasor, who was the unidentified hit-and-run driver, but from his own uninsured motorist carrier. Colatrella seizes upon this difference to argue that Midland, the workers' compensation carrier, has no right to reimbursement from the proceeds of Colatrella's own insurance policy.

That argument requires us to review *Montedoro,* in which the Appellate Division found that a compensation lien attaches to the proceeds payable to an injured employee from the employer's uninsured motorist policy. 174 *N.J.Super.* at 308. In that case, the court rejected the argument that the lien attached only to the proceeds payable by a tortfeasor and his insurance carrier, finding no "reason why the Legislature would have intended an employee-accident victim of an uninsured driver to fare better than an employee-accident victim of an insured driver * * *." *Id.* The court left unresolved the issue before us, whether the compensation lien attaches to the proceeds recovered by the worker under his own uninsured motorist policy. *Id.* at 309.

An insurer's duty to satisfy claims under an uninsured motorist policy is triggered only if the insured is injured by the tortious conduct of a motorist. Indeed, it is the insured's

burden in an arbitration proceeding with the insurer to prove that the hit-and-run driver was negligent. *See* 8C J. Appleman, *Insurance Law and Practice* § 5086.15 at 313, 316–17 (1981); Stanton, "Protection against Uninsured Motorists in New Jersey," 3 *Seton Hall L.Rev.* 19, 29 (1971); *cf. N.J.S.A.* 17:28–1.1a (insured entitled only to sum that he is "legally entitled" to recover as "damages"); *Montedoro v. City of Asbury Park, supra,* 174 *N.J.Super.* at 308–09 ("insured's legal entitlement to damages for the uninsured driver's negligence imports into the UM policy all of the normal rules governing tort liability and damages"). In effect, an uninsured motorist provision is a contractual substitute for a tort action against an uninsured motorist. By comparison, the acts of the third-party tortfeasor produce the recovery to which the compensation lien attaches. *N.J.S.A.* 34:15–40. Thus, the tortious act of a third party is the predicate for both recovery of uninsured motorist proceeds and the assertion of a workers' compensation lien. Because recovery under uninsured motorist insurance is premised on the tortious conduct of another, the proceeds of that recovery, like the proceeds of an injured employee's third-party action, should be subject to a compensation lien.

Although the worker is required to reimburse his compensation carrier from the proceeds of an uninsured motorist policy, this result does not deprive the worker of the benefit of his automobile insurance. The worker's total recovery need not be limited to the level of benefits provided by the workers' compensation law. Here, for example, Colatrella's uninsured motorist recovery was $18,000 more than his workers' compensation benefits.

We recognize that the rule elsewhere is that the employee may keep both the workers' compensation benefits and the proceeds of his uninsured motorist insurance. *See* 2A A. Larson, *Workmen's Compensation Law* § 71.23(a) at 14–18 n. 27 (1982). Nothing in the legislative history or terms of the uninsured motorist statute, *N.J.S.A.* 17:28–1.1, however, evinc-

es a legislative intent that uninsured motorist proceeds should be protected from a compensation lien. On the other hand, in *N.J.S.A.* 34:15–40 the Legislature has expressed its intent that a compensation lien should attach to the recovery from a third-party tortfeasor. Thus, we remain persuaded that when a negligent motorist, including one who is uninsured or unidentified, injures a worker, a compensation lien should attach to the uninsured motorist proceeds recovered by the injured employee.

After we granted certification, another part of the Appellate Division declined to follow that court's decision in this matter as well as the *Montedoro* decision. *Pullen v. Travelers Ins. Co.*, 206 *N.J.Super.* 227, 229 (1985). The *Pullen* court rejected the proposition that an injured worker who is paid twice for the same expenses, once by a workers' compensation carrier and again by an uninsured motorist carrier, is receiving double recovery. *Id.* at 232. Furthermore, the court found no evidence that the Legislature intended to prevent any such recovery. *Id.* The court reasoned that the right of a workers' compensation carrier to reimbursement under *N.J.S.A.* 34:15–40(b) from a "liable third person or his insurance carrier" did not extend to an uninsured motorist or a carrier that issues uninsured motorist coverage. Accordingly, the *Pullen* court concluded that a workers' compensation lien did not attach to the proceeds of the employee's uninsured motorist coverage. We disagree.

Arguably, as the *Montedoro* court found, the term "third person" in *N.J.S.A.* 34:15–40 could be construed to include an uninsured motorist. 174 *N.J.Super.* at 308. Nonetheless, the statute does not define "third person" to include an uninsured motorist or its carrier. Consequently, we base our decision on the belief that the primary concern of the Legislature here, as in other work-related injuries caused by third-party tortfeasors, is to integrate the sources of recovery. Accordingly, we disapprove the decision in *Pullen v. Travelers Ins. Co., supra,* 206 *N.J.Super.* 227. By separate order, we are granting the petition for certification filed in that matter by defendant, Travel-

ers Insurance Company, 102 *N.J.* 612 (1986), and summarily reversing the judgment of the Appellate Division.

In the present case, the Workers' Compensation Act and the uninsured motorist statute worked as the Legislature intended. Colatrella promptly received benefits under the Workers' Compensation Act and later settled his uninsured motorist claim under the policy limits. Because of that settlement, we do not reach the more difficult question whether the workers' compensation lien should attach when the uninsured motorist coverage is less than the full amount of plaintiff's damages.

The judgment of the Appellate Division is affirmed.

STEIN, J., dissenting.

The Court today construes the plain language of *N.J.S.A.* 34:15–40 to permit a workers' compensation lien to attach to the proceeds of an uninsured motorist policy purchased by the injured employee. I disagree and dissent for substantially the reasons set forth by Judge Shebell in *Pullen v. Travelers Ins. Co.*, 206 *N.J.Super.* 227 (App.Div.1985).[1] I would only add the following to his well-reasoned opinion.

The history of *N.J.S.A.* 34:15–40 was accurately traced by the court in *Danesi v. American Mfrs. Mut. Ins. Co.*, 189 *N.J.Super.* 160, 162–63 (App.Div.), certif. denied, 94 *N.J.* 544 (1983):

> The Workers' Compensation Act, as originally enacted in 1911 (*L.*1911, *c.* 95), made no provisions for the reimbursement of the employer or his worker's compensation insurance carrier out of the proceeds of any recovery from the third party responsible for the employee's injury or death. The third-party recovery could not be used to satisfy even the yet unpaid worker's compensation benefits previously awarded. *United States Cas. Co. v. Hercules Powder Co.*, 4 *N.J.* 157, 163 (1950); *Henry Steers, Inc. v. Turner, etc., Co.*, 104 *N.J.L.* 189, 193 (E. & A. 1927). Thus prior to legislative amendments discussed hereinafter, an employee could retain both worker's compensation benefits and the proceeds recovered from a third-party action. *Newark Paving Co. v. Klotz*, 85 *N.J.L.* 432 (Sup.Ct.1914), aff'd 86 *N.J.L.* 690 (E. & A. 1914).
>
> Recognizing the harshness and inequity of the act, the Legislature amended the act in 1913 (*L.*1913, *c.* 174, § 8) to provide for three changes where there is

---

[1] *Pullen* is summarily reversed by the majority today. *Ante* at 618–19.

a third-party recovery for the same injuries and losses covered by the worker's compensation award. These changes (1) proportionately extinguished the employer's obligation to pay further compensation upon payment by the third-party tortfeasor, (2) created a right of reimbursement for worker's compensation paid and (3) created a lien, when perfected, to secure reimbursement to the employer.

With minor changes in 1931 (*L.*1931, *c.* 279, § 3); 1936 (*L.*1936, *c.* 162, § 1); 1951 (*L.*1951, *c.* 169, § 1) and in 1956 (*L.*1956, *c.* 141, § 6), further refining the right to reimbursement, the controlling legislative enactments became codified as *N.J.S.A.* 34:15–40.

Approximately sixty years after the creation of the workers' compensation lien, the Legislature enacted *N.J.S.A.* 39:6A–14,[2] which requires that "[e]very owner or registrant of an automobile registered or principally garaged" in New Jersey must be insured with uninsured motorist coverage. *N.J.S.A.* 17:28–1.1,[3] also adopted well after *N.J.S.A.* 34:15–40, requires that "automobile liability policies * * * include a provision that the insured or his legal representative shall be entitled to recover damages sustained in an accident with an uninsured automobile if the owner or operator of the uninsured automobile is legally responsible." *Lundy v. Aetna Cas. & Sur. Co.*, 92 *N.J.* 550, 553 (1983).

When the Legislature adopted the mandatory uninsured motorist legislation, it did not amend *N.J.S.A.* 34:15–40, leaving intact the critical statutory phrases "third person [who] is liable" or "*his* insurance carrier." (Emphasis added.) One can hypothesize three reasons for the Legislature's inaction: (1) the Legislature intended that the workers' compensation lien would apply only to recoveries from a third-party tortfeasor or his insurance carrier; (2) the Legislature assumed that the provisions of *N.J.S.A.* 34:15–40 would be equally applicable to claims against uninsured motorists; or (3) the Legislature did not consider whether *N.J.S.A.* 34:15–40 should apply to uninsured

---

[2]*N.J.S.A.* 39:6A–14 became effective on January 1, 1973.

[3]*L.*1968, *c.* 385, § 2. Amended by *L.*1972, *c.* 204, § 1; *L.*1983, *c.* 65, § 5, eff. Jan. 1, 1983, operative Jan. 1, 1984; *L.*1983, *c.* 362, § 1, eff. Oct. 4, 1983.

motorist claims. The legislative history of the uninsured motorist statutes offers no basis for determining which of these explanations most accurately reflects the legislative intent.

"It is a well-settled rule of statutory construction that if the language chosen by the Legislature is plain and the result is not contrary to obvious legislative intent, 'the sole function of the court is to enforce the statute according to its terms.' " *State v. Maguire*, 84 *N.J.* 508, 528 (1980) (citing *Sheeran v. Nationwide Mut. Ins. Co., Inc.*, 80 *N.J.* 548, 556 (1979), and quoting *Caminetti v. United States*, 242 *U.S.* 470, 485, 37 *S.Ct.* 192, 194, 61 *L.Ed.* 442, 452 (1917)). Not only is the language of this statute plain, but there is not a grain of support for the majority's assumption that the Legislature intended that this statute be "construed" so as to apply it to claims against uninsured motorists. A thoroughly plausible explanation is that the Legislature believed that recognition of the employer's lien was inappropriate in view of the typically low coverage limits provided by uninsured motorist policy provisions. As the court in *Pullen* aptly noted:

> The labeling as a "double recovery" of an injured worker's receipt of moneys from his workers' compensation remedy as well as from a source related to the third party's tort liability only rarely has any basis in fact. Experience demonstrates that in the majority of tort settlements a full recovery is not received because of the expense of counsel fees and litigation costs and because in most instances settlements are accepted which represent a compromise on the issues of liability, damages or both.

> Indeed, in many cases if only the statutorily mandated uninsured motorist coverage of $15,000 exists the recovery may be only a small fraction of the difference between the workers' compensation award and the actual damages suffered by an injured worker.

> Further, workers' compensation awards have always been based upon a scaled-down structure in order to reflect the certainty of recovery by all injured employees regardless of fault. In many situations recovery from both sources may not even represent a full recovery let alone a "double recovery."

> We find no evidence of any legislative intent beyond that of permitting the employer or its insurance carrier to be reimbursed where moneys may be realized from a third-party tortfeasor or his insurance carrier. *Prudential Ins. Co. v. Laval*, 131 *N.J.Eq.* 23, 26 (Ch.1942). This limited legislative intent is repeatedly noted throughout the statute. We believe the statutory language must be strictly construed as it is not only in derogation of the

common law, but also takes from an injured worker moneys which in the absence of such statutory provision he would be entitled to.

It is not however our desire to discuss the relative merits of whether or not there should be a statutory lien which attaches to recoveries under uninsured motor vehicle coverage. To our view, that is not an issue for the courts.

Our task is to answer the question of whether or not *N.J.S.A.* 34:15–40 requires reimbursement to employers or their insurance carriers for workers' compensation benefits paid in those cases where the employee has recovered under uninsured motorists' coverage which he has himself provided. We find the statute to be clear and unambiguous on this issue. Nowhere does the statute refer to any reimbursement from any source other than a "liable third person or his insurance carrier." Neither the *Montedoro* or the *Colatrella* courts confronted the clear language of the statute. [206 *N.J.Super.* at 232–33.]

If the Legislature determines that *N.J.S.A.* 34:15–40 should apply to claims against uninsured motorists, it is within its province to say so. Until it does, the legislative intent as to this issue is indiscernible. Accordingly, I would apply the statute as it is written, and limit its application to recoveries against third-party tortfeasors and their insurance carriers.

*For affirmance*—Chief Justice WILENTZ and Justices POLLOCK, CLIFFORD, HANDLER, O'HERN, and GARIBALDI—6.

*For reversal*—Justice STEIN—1.