236 N.J. Super. 213 (1989)
565 A.2d 415
CHESTER GORSKI, JR., PETITIONER-APPELLANT,
v.
TOWN OF KEARNY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1989.
Decided October 17, 1989.
*214 Before Judges J.H. COLEMAN, BRODY and SKILLMAN.
Farley & Farley, attorneys for appellant (Charles J. Farley, Jr., on the brief).
Doyle and Brady, attorneys for respondent (Norman A. Doyle, Jr., on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
The issue presented by this appeal is whether an employer which pays full salary to an employee on leave due to a work-related accident is entitled to reimbursement from the employee's recovery in a third-party action arising out of the accident for the portion of the employee's salary equivalent to the temporary disability benefits payable under the Workers' Compensation Act.
Petitioner, a police officer employed by respondent Town of Kearny, was injured in an automobile accident arising out of and in the course of his employment. Plaintiff was out of work for nine and a half weeks due to his injuries. During that time, he continued to receive full salary pursuant to the terms of a collective bargaining agreement. In addition, petitioner recovered $41,000 in a tort action arising out of the compensable accident.
A judge of compensation determined that pursuant to N.J.S.A. 34:15-40 respondent was entitled to reimbursement from petitioner's third party recovery for the portion of petitioner's salary equivalent to the temporary disability benefits for which respondent was liable under N.J.S.A. 34:15-12(a). On appeal *215 petitioner argues that respondent is not entitled to reimbursement under N.J.S.A. 34:15-40 because all the money he received while out of work represented salary under a union contract and not workers' compensation benefits.
N.J.S.A. 34:15-40 requires an employee to reimburse an employer for compensation benefits, including temporary disability, from the amount recovered in a third-party action arising out of the compensable accident. The purpose of this provision is to reconcile an employee's workers' compensation benefits with his recovery in a third party action. See Midland Ins. Co. v. Colatrella, 102 N.J. 612, 616 (1986).
Temporary disability benefits are paid in lieu of salary. Young v. Western Electric Co., Inc., 96 N.J. 220, 226 (1984). Consequently,
Where an employer continues to pay wages to an employee after a compensable accident during the period of temporary disability when the employee is not working, a reasonable inference may be drawn that the payments are intended to be in lieu of workers' compensation.... In such a situation, there is a clear relationship between the employer's payments and the compensation awarded to the employee. Both cover periods of temporary disability and compensate the worker for the loss of wages resulting from that disability. [Id. at 226-227; citations omitted].
Although respondent was obligated under its collective bargaining agreement with petitioner's representative to pay full salary to an employee injured in a work related accident, respondent was also statutorily obligated, regardless of the terms of the collective bargaining agreement, to pay temporary disability benefits to an employee injured in the course of employment. Consequently, the only benefit petitioner received from the collective bargaining agreement was the portion of his salary which exceeded the temporary disability payments to which he was statutorily entitled. Thus, as in Young, "a reasonable inference may be drawn" that the portion of salary equivalent to temporary disability was "intended to be in lieu of workers' compensation." Accordingly, the judge of compensation properly held that the employer was entitled to reimbursement from the proceeds of the third-party suit for the *216 portion of the salary paid to petitioner equivalent to the temporary disability required to be paid under the Workers' Compensation Act.
Affirmed.