603 A.2d 512

RONALD S. CHARNECKY, PLAINTIFF–RESPONDENT,
v. AMERICAN RELIANCE INSURANCE COMPANY,
DEFENDANT–APPELLANT.

Argued February 18, 1992—Decided March 23, 1992.

*Gregory D. Winter* argued the cause for appellant (*Felzenberg, Winter & Winkler,* attorneys).

*Frank P. Lucianna* argued the cause for respondent (*Lucianna & Lucianna,* attorneys; *Diane M. Lucianna,* of counsel; *Athan M. Mergus,* on the briefs).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in the Appellate Division opinion, reported at 249 *N.J.Super.* 91, 592 *A.*2d 17 (1991).

STEIN, Justice, concurring.

I concur in the judgment of the Court. Its apparent effect is to limit the Court's holding in *Midland Insurance Company v. Colatrella,* 102 *N.J.* 612, 510 *A.*2d 30 (1986), to cases in which recognition of the workers' compensation carrier's lien is necessary to prevent double recovery by an employee who receives both workers' compensation benefits and a payment pursuant to the employee's own uninsured motorist policy. I adhere to the view previously expressed in *Colatrella, supra,* 102 *N.J.* at 622, 510 *A.*2d 30 (Stein, J., dissenting), that the Legislature should determine whether and to what extent a workers' compensation lien should attach to the proceeds of an employee's uninsured motorist policy, a subject concerning which *N.J.S.A.* 34:15–40 is silent. A reasonable assumption is that if we had stayed our hand in *Colatrella,* the Legislature's preference on

the issue about which we have been speculating might by now have been revealed.

STEIN, J., concurs in the result.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, and GARIBALDI and STEIN—7.

*For reversal*—None.