NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5027-15T4

MARIE T. PINO,

 Plaintiff,

v.

JOSE R. POLANCO,

 Defendant,

and

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

 Defendant-Respondent.

_____________________________

 Argued November 6, 2017 – Decided November 22, 2017

 Before Judges Sabatino and Ostrer.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Docket No. L-
 1744-13.

 David R. Kunz argued the cause for appellant
 The Hartford (Kunz & Germick, attorneys; Mr.
 Kunz and Leslie S. Britt, on the brief).

 Robert R. Nicodemo, III argued the cause for
 respondent (Law Offices of Nicodemo & Connell,
 PC, attorneys; Mr. Nicodemo, on the brief).
PER CURIAM

 This appeal concerns a dispute between a workers'

compensation insurer and lienholder, The Hartford, and an

automobile insurer, New Jersey Manufacturers Insurance Company

("NJM"). The Hartford appeals the trial court's denial of its

attempt to reopen a previously-dismissed lawsuit in order to

recover its lien against NJM, the issuer of an uninsured motorist

("UM") policy to the injured employee. We affirm.

 On May 10, 2011, NJM's insured, Marie Pino, was injured in

an automobile accident. At the time of the accident, Pino was

acting in the scope of her employment. The vehicle that Pino

occupied was struck by an uninsured motorist, Jose R. Polanco.

Pino had UM coverage with NJM.

 Pino obtained medical services after the auto accident,

including treatment by a chiropractor. The medical expenses were

paid by The Hartford, in its capacity as her employer's workers'

compensation carrier. Pino also received non-medical "indemnity"

benefits from The Hartford. Consequently, The Hartford held a

workers' compensation lien of $48,056.79 with respect to its

payments to Pino, consisting of $21,813.79 in medical expenses and

$26,243.00 in indemnity benefits.

 On December 5, 2011, The Hartford's subrogation

representative sent a letter to Pino's attorney advising him of

 2 A-5027-15T4
the then-current status of The Hartford's lien.1 The letter

reflected The Hartford's understanding that Pino would be pursuing

a liability claim against "the responsible party." The

representative requested that if Pino was not pursuing such a

third-party claim, "please let me know at your earliest

convenience."

 In April 2013, Pino filed a personal injury action in the Law

Division against Polanco, the owner and driver of the vehicle who

struck her. In October 2013, Pino amended her complaint to name

NJM, her UM insurer, as a direct defendant, having unsuccessfully

attempted to obtain recovery or settlement from NJM.2

 On June 4, 2014, Pino and NJM entered into and filed in the

Law Division a "Stipulation of Dismissal Without Prejudice Subject

to Reinstatement," apparently in anticipation that they would

arbitrate their dispute. Consequently, the court dismissed the

Law Division action. Pino and UM then participated in a non-

binding UM arbitration on July 29, 2015. The panel of arbitrators,

1
 With the consent of his adversary and this court's approval,
counsel for The Hartford supplemented the appellate record to
include the December 5, 2011 letter. We recognize this letter was
not furnished to the trial court.
2
 Although the record is rather uninformative about this, Pino
apparently did not obtain any recovery from Polanco or pursue the
litigation against him after amending her complaint to assert her
UM claims against NJM.

 3 A-5027-15T4
by a 2-1 vote, determined that Pino had sustained objective

injuries that satisfied the lawsuit limitation threshold under

N.J.S.A. 39:6A-8, and awarded her $65,000. The award was expressly

subject to the $21,813.79 lien for medical expenses.3

 NJM rejected the arbitration award and demanded a jury trial.

Nevertheless, Pino chose not to move to reinstate the Law Division

case. Although the record does not document exactly why Pino

dropped the matter, the briefs suggest that Pino and her attorney

concluded that further litigation would not be cost-effective,

given the additional expenses that going to trial would entail and

the risk that a jury might be unpersuaded that her injuries

surmounted the permanency requirements of the lawsuit limitation

threshold in the policy.

 According to The Hartford, it did not learn about the ultimate

outcome of the UM matter until January 26, 2016, when Pino's

attorney informed The Hartford's subrogation adjuster that Pino's

UM case against NJM had been dismissed and had not been reinstated.

Having learned this information, The Hartford filed a motion in

3
 A copy of the arbitration award was supplied to us on appeal by
counsel, without objection. The trial court did not receive a
copy of the award, but it was summarized in the parties' motion
submissions. At oral argument before us, The Hartford's counsel
represented that it was not seeking in the UM action reimbursement
of the separate indemnity benefits of $26,243 paid to Pino and
that only the lien for the medical benefits is at issue here.

 4 A-5027-15T4
the Law Division on April 20 2016, seeking to set aside the

dismissal of the case and attempting to reinstate the complaint

against NJM as lienor.

 The trial court denied The Hartford's motion, concluding that

its attempt to revive the Law Division action was untimely under

the ninety-day deadline set forth in N.J.S.A. 34:15-40(f). That

subsection, which is codified within the workers' compensation

statutes, provides in full as follows:

 (f) When an injured employee or his
 dependents fail within 1 year of the accident
 to either effect a settlement with the third
 person or his insurance carrier or institute
 proceedings for recovery of damages for his
 injuries and loss against the third person,
 the employer or his insurance carrier, 10 days
 after a written demand on the injured employee
 or his dependents, can either effect a
 settlement with the third person or his
 insurance carrier or institute proceedings
 against the third person for the recovery of
 damages for the injuries and loss sustained
 by such injured employee or his dependents and
 any settlement made with the third person or
 his insurance carrier or proceedings had and
 taken by such employer or his insurance
 carrier against such third person, and such
 right of action shall be only for such right
 of action that the injured employee or his
 dependents would have had against the third
 person, and shall constitute a bar to any
 further claim or action by the injured
 employee or his dependents against the third
 person. If a settlement is effected between
 the employer or his insurance carrier and the
 third person or his insurance carrier, or a
 judgment is recovered by the employer or his
 insurance carrier against the third person for

 5 A-5027-15T4
 the injuries and loss sustained by the
 employee or his dependents and if the amount
 secured or obtained by the employer or his
 insurance carrier is in excess of the
 employer's obligation to the employee or his
 dependents and the expense of suit, such
 excess shall be paid to the employee or his
 dependents. The legal action contemplated
 hereinabove shall be a civil action at law in
 the name of the injured employee or by the
 employer or insurance carrier in the name of
 the employee to the use of the employer or
 insurance carrier, or by the proper party for
 the benefit of the next of kin of the employee.
 Where an injured employee or his dependents
 have instituted proceedings for recovery of
 damages for his injuries and loss against a
 third person and such proceedings are
 dismissed for lack of prosecution, the
 employer or insurance carrier shall, upon
 application made within 90 days thereafter,
 be entitled to have such dismissal set aside,
 and to continue the prosecution of such
 proceedings in the name of the injured
 employee or dependents in accordance with the
 provisions of this section.

 [N.J.S.A. 34:15-40(f) (emphasis added).]

 The Hartford appeals, arguing that it is inappropriate to

enforce the ninety-day statutory deadline in subsection (f)

against it because it did not receive notice of the dismissal of

the UM case until January 2016, and that its April 2016 motion to

reinstate that case was filed within ninety days of gaining such

knowledge. In opposition, NJM argues that the trial court

correctly found that N.J.S.A. 34:15-40(f) contains no such

"knowledge" predicate. NJM also contends that The Hartford cannot

 6 A-5027-15T4
proceed to recover its lien because of the failure of Pino's

injuries to surmount the lawsuit limitation threshold, N.J.S.A.

39:6A-8.

 We analyze the legal issues presented de novo. Hodges v.

Sasil Corp., 189 N.J. 210, 220-21 (2007). Having done so, we

conclude that the denial of The Hartford's motion comports with

the applicable law because The Hartford's attempt to pursue

recovery of its lien against NJM in the UM action was untimely.

 As stated in the prefatory language appearing before the

statutory subsections, N.J.S.A. 34:15-40 provides several

mechanisms for workers' compensation carriers and employers to

obtain reimbursement of benefits they had paid to injured workers

in situations where a "third person" may have liability "to the

employee or his dependents for an injury or death" that has

occurred. Id. The closing language following subsection (g) of

the statute broadly defines the term "third person" to "include

corporations, companies, associations, societies, firms,

partnerships and joint stock companies as well as individuals."

Ibid. The statute prescribes in detail what degree of

reimbursement occurs if the employee or his dependents recovers

from a third party a sum equal to or above the compensation

benefits received, N.J.S.A. 34:15-40(b), and, alternatively, a sum

less than those paid benefits, N.J.S.A. 34:15-40(c). The statute

 7 A-5027-15T4
further prescribes the counsel fees and "expenses of suit" that

are recoverable by the injured worker or his attorney. N.J.S.A.

34:14-40(e).

 Subsection (f) of N.J.S.A. 34:15-40, which we have already

quoted in full, details the applicable procedures for situations

when the injured worker or his dependents has not made a recovery

from a potentially-liable "third person or his insurance

carrier[.]"4 For instance, as noted in the first sentence of

subsection (f), if the injured employee or his dependents fails

within one year of the accident to either obtain a settlement with

the third party or insurer, or bring proceedings to recover against

that party, the employer or its workers' compensation insurer can

bring an action against those potentially liable parties in the

employee's stead, upon giving ten days' advance notice. Ibid.

 Any excess sum above the workers' compensation lien that may

be recovered by the employer or the workers' compensation insurer

must be paid to the employee or his dependents. Ibid. Such an

4
 We assume, without deciding, that NJM, a UM carrier that issued
a policy to the injured worker, Pino, constitutes under N.J.S.A.
34:15-40(f) a "third person or his insurance carrier within the
meaning of this section." See Frazier v. N.J. Mfrs. Ins., 142
N.J. 590, 605 (1995) (holding that any proceeds recovered from a
"functionally equivalent source" such as "uninsured motorist
proceeds" are subject to workers' compensation liens). See also
Montedoro v. Asbury Park, 174 N.J. Super. 305, 307-08 (App. Div.
1980).

 8 A-5027-15T4
action, which is essentially a subrogation claim, is to be filed

"in the name of the injured employee or by the employer or

[workers' compensation] carrier in the name of the employee to the

use of the employer or [compensation] carrier, or by the proper

party for the benefit of the next of kin of the employee." Ibid.

 The pivotal timing issues here concern the final sentence of

N.J.S.A. 34:15-40(f), which reads:

 Where an injured employee or his dependents
 have instituted proceedings for recovery of
 damages for his injuries and loss against a
 third person and such proceedings are
 dismissed for lack of prosecution, the
 employer or insurance carrier shall, upon
 application made within 90 days thereafter,
 be entitled to have such dismissal set aside,
 and to continue the prosecution of such
 proceedings in the name of the injured
 employee or dependents in accordance with the
 provisions of this section.

 [Ibid. (emphasis added).]

The ninety-day deadline set forth in this provision has not been

the subject of any reported case law, nor have we been supplied

with any informative legislative history concerning its genesis

and intended operation.5

 As a literal matter, Pino's lawsuit against NJM was not

"dismissed for lack of prosecution" as that term is commonly used

5
 At oral argument, both counsel acknowledged the rarity of this
issue, indicating they had never encountered it before.

 9 A-5027-15T4
within Rule 1:13-7. Instead, the case was dismissed without

prejudice, pursuant to a stipulation, and was never revived by

Pino. If we apply such a literal reading of subsection (f), the

ninety-day deadline seemingly would not apply to The Hartford to

bring claims against NJM.

 However, without the legal authority provided under

subsection (f) to bring a reimbursement action against NJM, The

Hartford would have no statutory basis to bring an action "in the

name of the employee to the use of the employer or insurance

carrier." N.J.S.A. 34:15-40(f). The detailed procedures set

forth in N.J.S.A. 34:15-40 to regulate such reimbursement claims

should not be bypassed. Moreover, there is no indication in the

appellate record that The Hartford has asserted any common law

subrogation claim. Nor does The Hartford present any argument for

why a common law subrogation claim could override the procedural

requirements of N.J.S.A. 34:15-40(f).

 In any event, in the present context, The Hartford did not

attempt to bring a separate independent action against NJM in its

own right, but instead attempted to revive Pino's previously-

dismissed case under that same docket number in the Law Division.

Hence, if we treat the ninety-day requirement within subsection

(f) as inapplicable because Pino's lawsuit was dismissed without

prejudice by stipulation and not literally for "lack of

 10 A-5027-15T4
prosecution," then The Hartford lacks a statutory basis to proceed.

Its motion was properly denied for that legal reason, even if it

was not articulated by the trial court. Isko v. Planning Bd. of

the Twp. of Livingston, 51 N.J. 162, 175 (1968) (noting that trial

court orders may be affirmed for different reasons than those the

trial court recited).

 Alternatively, if we construe the dismissal of Pino's lawsuit

as the functional equivalent of a dismissal "for lack of

prosecution" within the meaning of N.J.S.A. 34:15-40(f), The

Hartford's motion in April 2016 to revive the UM case – which had

been dismissed in June 2014 – was manifestly beyond the ninety-

day deadline.

 The Hartford argues that the ninety-day period should be

construed so that it is not triggered until a workers' compensation

carrier obtains actual knowledge that a UM case has been dismissed.

We discern no support for such a knowledge requirement within the

words of the statute. The statutory procedures set forth in

subsection (f), including the right of a workers' compensation

carrier to file suit against a third party, on ten days' notice,

if the employee or his dependents have failed to do so within one

year, bespeaks a legislative objective to have such claims for

subrogation or reimbursement brought expeditiously. N.J.S.A.

 11 A-5027-15T4
34:15-40(f). We agree with the trial court that a knowledge

requirement should not be imputed into the statutory text.

 We perceive no inequity in concluding that The Hartford's

claims are untimely under the circumstances. As its own December

5, 2011 correspondence reflects, The Hartford was well aware of

this accident and its right to assert its lien against any third

party recovery over four years before it took action to vindicate

its rights. The December 5, 2011 memo includes a "statute date"

reference point of May 10, 2013, which presumably refers to when

the two-year statute of limitations for Pino's personal injury

suit would expire under N.J.S.A. 2A:14-2. The Hartford was

therefore mindful of timeliness considerations, at least when it

issued the December 2011 letter.

 We share the trial court's observation in its oral ruling

that perhaps Pino or her attorney should have advised The Hartford

of the June 2014 dismissal of the UM case sooner, consistent with

the request that The Hartford had made in December 2011 to be kept

advised of the matter's status. However, we are aware of no

authority that imposes a legal duty upon an employee or her

personal injury attorney to supply such prompt notice. We are

reluctant to recognize such a novel proposition in the absence of

the participation of Pino or her former counsel in this appeal.

 12 A-5027-15T4
 Moreover, the record is bereft of any documentation of any

attempts by The Hartford to follow up with Pino or her counsel

about the status of third-party recovery after sending out the

December 5, 2011 letter. It appears that this matter may have

"slipped through the cracks" at The Hartford and we discern no

legal or equitable necessity to allow The Hartford to revive in

2016 a reimbursement claim arising from a 2011 accident and to

revive a UM case that had been dismissed long ago in 2014.6

 Affirmed.

6
 We decline to reach any other issues in this case, including the
lawsuit limitation threshold issue and whether a workers'
compensation carrier has the right to be reimbursed for medical
benefits from the UM insurer, even though the UM insurer and the
PIP insurer are one and the same, and reimbursement from a PIP
insurer is barred by the "collateral source" doctrine. See
N.J.S.A. 39:6A-6; see also Montedoro, supra, 174 N.J. Super. at
306 (noting that the UM award subject to the workers' compensation
lien was "exclusive of personal injury protection benefits").

 13 A-5027-15T4